THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OPTIMUM IMAGING TECHNOLOGIES LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CANON INC.,<br><br>*Defendant*. | Case No. 2:19-CV-00246-JRG<br><br>**Filed Under Seal** |

**PLAINTIFF'S MOTION TO STRIKE**
**EXPERT TESTIMONY OF WAYNE E. PRENTICE**

Filed Under Seal

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   LEGAL STANDARD ......................................................................................................... 2

III.  BACKGROUND ................................................................................................................. 2

    A.   The Asserted Patents ............................................................................................... 2

    B.   Mr. Prentice's Invalidity Report.............................................................................. 3

    C.   Mr. Prentice's Noninfringement Report.................................................................. 4

IV.  ARGUMENT ....................................................................................................................... 4

    A.   The Court Should Strike Mr. Prentice's Discussion of the Canon Prior Art Products ..... 4

    B.   The Court Should Strike Mr. Prentice's "Value Analysis" of Technology Licensed Under Various Settlement and License Agreements Produced in This Case.................... 8

    C.   Mr. Prentice's Alleged 1% Apportionment Conclusion Should Be Excluded................ 10

V.   CONCLUSION .................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**

*Commonwealth Sci. & Indus. Research Organisation v. Cisco Sys.*, 809 F.3d 1295 (Fed. Cir. 2015) .................................................................................................................................................. 10

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) .......................................... 2

*Dey, L.P. v. Sunovion Pharm., Inc.,* 715 F.3d 1351 (Fed.Cir.2013) .............................................. 7

*Freeny v. Murphy Oil Corp.*, No. 2:13-CV-791-RSP, 2015 U.S. Dist. LEXIS 118736 (E.D. Tex. June 4, 2015) ............................................................................................................................. 8

*Ga.-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) ............. 9

*GoDaddy.com LLC v. Rpost Commun. Ltd.*, No 14-00126-PHX-JAT, 2016 U.S. Dist. LEXIS 61670 (D. Ariz. May 10, 2016) ............................................................................................... 10

*GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070-JRG-RSP, 2020 U.S. Dist. LEXIS 132022 (E.D. Tex. July 26, 2020) ................................................................................................................... 8

*Hearing Components, Inc. v. Shure, Inc.*, Civil Action No. 9:07-CV-104, 2008 U.S. Dist. LEXIS 109139 (E.D. Tex. Dec. 1, 2008) ............................................................................................. 9

*LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51 (Fed. Cir. 2012) .............................. 10

*Saint Lawrence Communs. LLC v. ZTE Corp.*, No. 2:15-cv-349-JRG, 2017 U.S. Dist. LEXIS 23505 (E.D. Tex. Feb. 21, 2017) ......................................................................................... 2, 9

*Tex. Capital Bank, N.A. v. Dall. Roadster, Ltd.*, No. 4:13cv625, 2015 U.S. Dist. LEXIS 186086 (E.D. Tex. Mar. 31, 2015) ......................................................................................................... 9

*TQP Dev., LLC v. Intuit Inc.,* No. 2:12-cv-180-WCB, 2014 U.S. Dist. LEXIS 84054 (E.D. Tex. June 20, 2014) ......................................................................................................................... 7

*Viad Corp. v. Stak Design, Inc.*, No. 6:04-CV-407, 2005 U.S. Dist. LEXIS 45920 (E.D. Tex. May 5, 2005) .................................................................................................................................... 9

*Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014) .................................................. 2

*Visteon Glob. Techs., LLC v. Garmin Int'l, Inc.*, No. 10-cv-10578, 2016 U.S. Dist. LEXIS 142395 (E.D. Mich. Oct. 14, 2016) ...................................................................................................... 10

**Statutes**

35 U.S.C. § 103 (Pre-AIA) ............................................................................................................ 5

35 USC § 102 ................................................................................................................................ 4

**Rules**

Fed. R. Evid. 702 .......................................................................................................................... 2

ii

Filed Under Seal

## I. INTRODUCTION

Plaintiff Optimum Imaging Technologies, LLC ("OIT") hereby moves this Court, pursuant to 35 U.S.C. ¶¶102 and 103 and the Court's inherent authority to exclude and strike portions of the expert opinions and proffered testimony of Mr. Wayne E. Prentice, who is the expert witness regarding technical issues including Defendant Canon Inc.'s ("Canon") invalidity and noninfringement positions.

In his September 28, 2020 expert report on invalidity of the patents in suit, Mr. Prentice opined that ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████ However, ███████████

███████████████████████████████ and therefore ███████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████

Mr. Prentice's noninfringement report includes ███████████

███████████████████████████████████████████████

███████████████. During deposition, Mr. Prentice ███████████

███████████████████████████████████. Without this analysis, Mr. Prentice's discussion ███████████████████████████ would tend to confuse the jury and conflate ███████████████████████████████████

███████████

OIT accordingly requests that the Court, in its role as the gatekeeper of evidence, strike the following portions of Mr. Prentice's expert report on invalidity: ███████████

███████████████████████████████████ which argue that the referenced

1

devices ████████████████████████████████████████

████████ which argue that the referenced devices anticipate and/or render obvious the asserted claims of the '339 patent. OIT further requests that the Court strike ████████████████

████████████████████████████████████████████████████████

████████████

## II.   LEGAL STANDARD

"The admissibility of expert testimony is governed by the Federal Rules of Evidence and the principles laid out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)." *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328 (Fed. Cir. 2014). "Rule 702 provides that an expert witness may offer opinion testimony if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." *Saint Lawrence Communs. LLC v. ZTE Corp.*, No. 2:15-cv-349-JRG, 2017 U.S. Dist. LEXIS 23505, at *6 (E.D. Tex. Feb. 21, 2017) (citing Fed. R. Evid. 702).

The trial judge has "'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Id.* at *6 (quoting *Daubert*, 509 U.S. at 594). Mr. Prentice has introduced evidence relating to products that are not prior art to the asserted patents, and this evidence is therefore irrelevant to the task at hand and should be excluded.

## III.   BACKGROUND

### A.  The Asserted Patents

The asserted '805 and '339 patents share a common specification. The '805 Patent issues from a U.S. nonprovisional patent application that was filed on July 6, 2007.  The '805 Patent nonprovisional application, in turn, claims priority to a U.S. provisional application that was filed

on July 11, 2006. The '339 Patent claims priority to the same provisional application as the '805 Patent, with a filing date of July 11, 2006. The asserted patents both recite digital imaging systems and methods that are capable of correcting lens aberrations using specific hardware in conjunction with software that considers information regarding the lens and lens settings used to capture a digital image to correct the image

### B. Mr. Prentice's Invalidity Report

Mr. Prentice opines that ▮

Also according to Defendant, ▮

Defendant has also alleged that the ▮

The ▮

Mr. Prentice opines that ▮

Critically, Mr. Prentice testified during his deposition that ▮

Compounding the problems in his analysis of the alleged Canon prior art, Mr. Prentice's analyses ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████

### C. Mr. Prentice's Noninfringement Report

Mr. Prentice's noninfringement report ███████████████████████

███████████████████████████████████████

██████████ Mr. Prentice's report however does not ████████████████

████████████████████████████████ Mr. Prentice confirmed during his deposition █████████████████████████████████

████████ Instead, Mr. Prentice █████████████████████████

███████████████████████████████████████

████████████████████████████████

## IV. ARGUMENT

### A. The Court Should Strike Mr. Prentice's Discussion of the Canon Prior Art Products

The use of a reference as prior art is described in relevant sections of 35 U.S.C. §§ 102 and 103 (Pre-AIA).  35 USC § 102, which applies to an analysis of invalidity by anticipation, is:

> A person shall be entitled to a patent unless –

4

> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States,

The relevant section of 35 U.S.C. § 103 (Pre-AIA) for this case, which apply to an analysis of invalidity by obviousness, is:

> (a) A patent may not be obtained through the invention is not identically disclosed or described as set forth in section 102 , if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

The referenced camera systems are not prior art relevant to an anticipation analysis under 35 U.S.C. § 102 because their purported demonstration of the elements of the asserted claims was not known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent. Further, because these systems are not, therefore, prior art under 35 U.S.C. § 102, they are not relevant to an obviousness analysis under 35 U.S.C. § 103. Even if Canon's referenced systems practiced the inventions, which OIT does not concede, the inventions would not have been "known or used by others in this country, or patented or described in a printed publication in this or a foreign country," before the application dates of the asserted patents. Canon did not inform the public of any aberration corrections performed in these systems and did not refer to corrections in the systems' manuals. A user would not know how these cameras performed any corrections based upon the operation of the cameras or any other publicly available information.

Mr. Prentice █████████████████████████████████████████████

█████████████████████████ Indeed, during his deposition, Mr. Prentice ████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████ OIT's technical expert ██████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████ Because Mr. Prentice's analysis ████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

In addition, beyond public ignorance that aberration correction capabilities existed in these cameras, it would not have been possible for a member of the public to know that these cameras contained the components of many of the elements of the Asserted Patents. A member of the public could not have discerned ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████

---

[1] Mr. Prentice's report ██████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
███████████████████████████

6

Hiding its cameras' correction capabilities is apparently not exceptional at Canon. Kimberley Schenk, Canon's damages expert, stated, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In short, because Canon made a conscious decision to not inform the public of any aberration corrections in these cameras, if these cameras practiced the inventions, that practice was secret. That secrecy removes the referenced systems from the realm of applicable prior art, because "secret or confidential third-party uses do not invalidate later-filed patents." *Dey, L.P. v. Sunovion Pharm., Inc.*, 715 F.3d 1351, 1355 (Fed.Cir.2013). *See also TQP Dev., LLC v. Intuit Inc.*, No. 2:12-cv-180-WCB, 2014 U.S. Dist. LEXIS 84054, at *22 (E.D. Tex. June 20, 2014) (citing *Dey, L.P.* at 1359) ("reversing summary judgment of invalidity under the public-use prong of section 102(b) because 'a reasonable jury could conclude that if members of the public are not informed of, and cannot readily discern, the claimed features of the invention in the allegedly invalidating prior art, the public has not been put in possession of those features.'").

OIT does not concede that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ However, were it to be found later in this litigation that these devices did anticipate or make the claims obvious, that finding would be irrelevant, because, as shown above, the devices are not prior art for the purposes of anticipation or obviousness. Whether the devices do not anticipate or make obvious, or are simply not prior art, the end result would be the same: no legal conclusions could be drawn from their assertion by Canon. Therefore, the Court should strike the referenced portions of Mr. Prentice's report now.

Mr. Prentice's ▉

▉

▉

▉ Mr. Prentice's report ▉

▉

▉ Additionally, during his deposition, Mr. Prentice testified that ▉

▉

▉

When expert witnesses fail to disclose the sources of information upon which they rely, their testimony is subject to exclusion. In *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070-JRG-RSP, 2020 U.S. Dist. LEXIS 132022, at *7-8 (E.D. Tex. July 26, 2020) and *Freeny v. Murphy Oil Corp.*, No. 2:13-CV-791-RSP, 2015 U.S. Dist. LEXIS 118736, at *5-6 (E.D. Tex. June 4, 2015), the Court excluded expert witness testimony that referenced or characterized the experts' conversations with undisclosed fact witnesses. Similar to the testimony excluded in *GREE* and *Freeny* Mr. Prentice's ▉

▉ Mr. Prentice ▉

▉

▉ The portions of Mr. Prentice's report that ▉

▉

**B. The Court Should Strike Mr. Prentice's ▉**
▉

8

Filed Under Seal

Mr. Prentice █████████████████████████████

█████████████████████████████████████████████

█████████████████████████████ Mr. Prentice stated that █████

█████████████████████████████████████████████

When cased what analysis he performed, Mr. Prentice testified that: █████

█████████████████████████████████████████████

█████████████████████████When asked if he █████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███

Mr. Prentice's █████████████████████████ First, █████

████confuse the issues for the jury ███████████████

████████████████*Ga.-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Second, Mr. Prentice's ████████████████████████

█████████████████████████████████████*See Tex. Capital Bank, N.A. v. Dall. Roadster, Ltd.*, No. 4:13cv625, 2015 U.S. Dist. LEXIS 186086, at *3 (E.D. Tex. Mar. 31, 2015) ("the Supreme Court's principal concern in *Daubert* was to prevent jury exposure to confusing and unreliable expert testimony"); *see also Hearing Components, Inc. v. Shure, Inc.*, Civil Action No. 9:07-CV-104, 2008 U.S. Dist. LEXIS 109139, at *11 (E.D. Tex. Dec. 1, 2008) (excluding irrelevant expert testimony); *see also Viad Corp. v. Stak Design, Inc.*, No. 6:04-CV-407, 2005 U.S. Dist. LEXIS 45920, at *4 (E.D. Tex. May 5, 2005) (excluding unreliable expert testimony that would "only confuse the jury rather than assisting it in determining facts in issue.").

Third, Mr. Prentice is not a valuation expert or economist and is not qualified to offer such opinions. *See Saint Lawrence Communs. LLC v. ZTE Corp.*, No. 2:15-cv-349-JRG, 2017 U.S. Dist. LEXIS 23505, at *6 (E.D. Tex. Feb. 21, 2017).

**C. Mr. Prentice's** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Canon's damages expert ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



▇▇▇ Ms. Schenk states, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇ Mr. Prentice ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇ During his deposition, Mr. Prentice ▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Prentice ▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Prentice's opinion should be excluded accordingly.

"The Federal Circuit is clear that . . . evidence 'to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features . . . must be reliable and tangible, . . . not conjectural or speculative.'" *GoDaddy.com LLC v. Rpost Commun. Ltd.*, No 14-00126-PHX-JAT, 2016 U.S. Dist. LEXIS 61670, at *18 (D. Ariz. May 10, 2016) (quoting *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 67–68 (Fed. Cir. 2012)). "[Q]ualitative testimony [of an invention's value] – without being anchored to a quantitative market valuation – is insufficiently reliable." *Commonwealth Sci. & Indus. Research Organisation v. Cisco Sys.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015). Without an understanding of

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "it is impossible for a jury to determine the profit that could actually be attributed to [Defendant]'s use of the patented features." *Visteon Glob. Techs., LLC v. Garmin Int'l, Inc.*, 2016 U.S. Dist. LEXIS 142395, at *55-56 (E.D. Mich. Oct. 14, 2016); *see also GoDaddy.com*, 2016 U.S. Dist. LEXIS 61670, at *19 ("Simply put, Mr. Smith relies on entirely irrelevant evidence and vague qualitative notions of the relative importance of the patented technology to assert that 10% of the Accused Product's profits should be apportioned to the patented technology.").

## V. CONCLUSION

For the foregoing reasons, the Court should strike portions of Mr. Prentice's expert report and enter an order precluding Defendant from offering at trial any evidence, testimony, or argument related to any material stricken pursuant to this Motion.


Dated: October 26, 2020                   Respectfully submitted,

                                          By: */s/ Korula T. Cherian*

                                          S. Calvin Capshaw
                                          State Bar No. 03783900
                                          Elizabeth L. DeRieux
                                          State Bar No. 05770585
                                          Capshaw DeRieux, LLP
                                          114 E. Commerce Ave.
                                          Gladewater, TX 75647
                                          Telephone: 903-845-5770
                                          ccapshaw@capshawlaw.com
                                          ederieux@capshawlaw.com

                                          Amadou Kilkenny Diaw
                                          Thomas Dunham
                                          RuyakCherian LLP
                                          1901 L St. NW, Suite 700
                                          Washington, DC 20036

                        Korula T. Cherian
                        Robert Harkins
                        RuyakCherian LLP
                        1936 University Ave, Ste. 350
                        Berkeley, CA 94702

                        J. Mark Mann
                        State Bar No. 12926150
                        G. Blake Thompson
                        State Bar No. 24042033
                        MANN | TINDEL | THOMPSON
                        300 West Main Street
                        Henderson, Texas 75652
                        (903) 657-8540
                        (903) 657-6003 (fax)
                        mark@themannfirm.com
                        blake@themannfirm.com

                        *Attorneys for Plaintiff*
                        *Optimum Imaging Technologies LLC*

Filed Under Seal

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on October 26, 2020, all counsel of record who have consented to electronic service are being served with a copy of this document via email.

*/s/ Korula T. Cherian*

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that this document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Korula T. Cherian*