# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIMUM IMAGING TECHNOLOGIES LLC, *Plaintiff,* v. CANON INC., *Defendant.* | C.A. No. 2:19-cv-00246-JRG **JURY TRIAL DEMANDED** |

**DEFENDANT CANON INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

-i-

**TABLE OF CONTENTS**

I.   OIT Has Failed to Present a Genuine Issue of Material fact in Its Opposition .................. 1

II.  The Court Should Reject OIT's Attempt to Invoke Fed. R. Civ. P. 56(d) ......................... 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Calcar, Inc. v. Am. Honda Motor Co.*,
  651 F.3d 1318 (Fed. Cir. 2011)..................................................................................................2

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993)...................................................................................................................3

*Hirsch v. CSX Transp., Inc.*,
  656 F.3d 359 (6th Cir. 2011) .....................................................................................................3

*JHN Holding, Inc. v. Nationwide Prop. & Casualty Ins. Co.*,
  No. 4:16-CV-00866, 2017 WL 4347683 (E.D. Tex. Sept. 29, 2017).........................................4

*Malta v. Schulmerich Carillons, Inc.*,
  952 F.2d 1320 (Fed. Cir. 1991)..................................................................................................3

*Michaels v. Avitech, Inc.*,
  202 F.3d 746 (5th Cir. 2000) .....................................................................................................3

*Mirror Worlds, LLC v. Apple, Inc.*,
  784 F. Supp. 2d 703 (E.D. Tex. 2011).......................................................................................2

*Nat'l Presto Indus., Inc. v. W. Bend Co.*,
  76 F.3d 1185 (Fed. Cir. 1996)....................................................................................................3

*Raby v. Livingston*,
  600 F.3d 552 (5th Cir. 2010) .....................................................................................................5

*SEC v. Spence & Green Chem. Co.*,
  612 F.2d 896 (5th Cir. 1980) .....................................................................................................5

*Texas Instruments, Inc. v. Cypress Semiconductor Corp.*,
  90 F.3d 1558 (Fed. Cir. 1996)....................................................................................................2

*Wichita Falls Office Assocs. v. Banc One Corp.*,
  978 F.2d 915 (5th Cir. 1992) .....................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 56(d) ........................................................................................................................4, 5

Defendant Canon Inc. ("Canon") replies in support of its motion for summary judgment (D.I. 143) that all asserted claims of Plaintiff Optimum Imaging Technologies LLC's ("OIT") U.S. Patent No. 7,612,805 and U.S. Patent No. 8,451,339 are not infringed under the doctrine of equivalents ("DOE").

I.  **OIT HAS FAILED TO PRESENT A GENUINE ISSUE OF MATERIAL FACT IN ITS OPPOSITION**

OIT cannot escape that its assertions of infringement under DOE, made via its P.R. 3-1 infringement contentions and its expert Dr. Brogioli's opening report, lack the particularized analysis required by Federal Circuit law.  OIT's only argument in support of the substantive contents of its DOE assertions is that they are done on a so-called "limitation-by-limitation" basis.  But the assertions that it has made for each limitation are boilerplate and conclusory, and the quantity at which OIT repeats these deficient assertions does not improve their quality and cannot avoid summary judgment.

OIT's opposition (D.I. 177) is most notable for the arguments that OIT does ***not*** make. OIT does not rebut the accuracy or applicability of Canon's thorough, itemized recitation of OIT's boilerplate DOE assertions (set forth in D.I. 143 at 4-5, 10-11 and shown in the highlighting of D.I. 143-3; D.I. 143-4; D.I. 143-6; D.I. 143-7) for each limitation of the asserted claims.  OIT does not point to a single instance in which it has explained any difference between any recited claim limitation and any accused product.  OIT does not point to a single instance in which it has explained how any difference between any recited claim limitation and any accused product is substantial.  OIT does not point to a single instance in which it has identified any function, way, and result that are allegedly substantially the same as any recited limitation.  And OIT does not point to a single instance in which it has explained how any function, way, and result are allegedly substantially the same as any recited limitation.  While OIT professes to

"dispute" the underlying facts, D.I. 177 at 2-4, it does not so much as attempt to show how Canon's facts are wrong. Its "disputes," therefore, are not genuine.

OIT's resort to the limitation-by-limitation nature of its DOE assertions fails because that is a separate requirement from providing detailed analysis. In *Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558 (Fed. Cir. 1996), the Federal Circuit recounted **plural** "specific evidentiary **requirements** necessary to prove infringement under [DOE]." *Id.* at 1566 (emphasis added). Discussing the impact of different lines of case law, the court stated:

> In particular, we did not eliminate the need to prove equivalency on a limitation-by-limitation basis. ***Nor*** did we overrule precedent requiring equivalency to be proven with "particularized testimony and linking argument."
>
> * * *
>
> Pursuant to our precedent, a patentee must still provide ***particularized testimony and linking argument*** as to the "insubstantiality of the differences" between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented …. ***Such evidence must be presented on a limitation-by-limitation basis***.

*Id.* at 1566-67 (citations omitted) (emphasis added); *see also id.* ("Our court set forth these evidentiary requirements …"; "These evidentiary requirements …"; "Moreover, without these requirements …").[1] Both the Federal Circuit and this Court have thus found particularized detail to be lacking even where a limitation-by-limitation DOE analysis was performed. *See, e.g.*, *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1324, 1338-39 (Fed. Cir. 2011) (finding a lack of particularized testimony with respect to the patent's limitation of "a plurality of sources"); *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 717-20 (E.D. Tex. 2011) (same for limitations "displaying a cursor or pointer," "responding to a user sliding without

---

[1] Canon makes this point in its motion. D.I. 143 at 10 (noting that the limitation-by-limitation requirement is "the first—but only the first—hurdle for proving DOE" and then proceeding to address the generalized nature of OIT's DOE assertions).

clicking the cursor or pointer over a displayed stack of document representations," and "displaying a glance view of a document").

Canon's motion is entirely consistent with *National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185 (Fed. Cir. 1996), contrary to OIT's assertion. In that case, the Federal Circuit again treated the above two requirements separately. *See id.* at 1191 ("West Bend argues that Presto did not provide sufficiently explicit witness testimony and 'linking attorney argument' …. West Bend *also* criticizes Presto's proof of equivalency as inadequate because it was … directed … only to the specific claim elements that were in dispute. The district court's instruction to the jury … was in accordance with [case law]."). Further, OIT's reliance on the passage that "evidence to show equivalency is 'not the prisoner of a formula'" is counterproductive because a formula is exactly what OIT used—Canon parsed OIT's formula's components and even color-coded OIT's use of it. *See* D.I. 143 at 4-5, 10-11; D.I. 143-3; D.I. 143-4; D.I. 143-6; D.I. 143-7. While Canon agrees that magic words are not required, OIT invoked them without backing up their substance, to its detriment. *See Malta v. Schulmerich Carillons, Inc.*, 952 F.2d 1320, 1327 n.5 (Fed. Cir. 1991) (regardless of which words are used, requiring "the *evidence* to establish *what* the function, way, and result of *both* the claimed device and the accused device are, and *why* those functions, ways, and results are substantially the same").

OIT curiously argues that Canon's motion goes to the weight of OIT's expert's testimony, as if that were a reason to deny summary judgment. In a separate motion, Canon does assert that Dr. Brogioli's DOE opinions are not admissible (D.I. 144)—but even if they were, "the court remains free … to grant summary judgment." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993); *see also Michaels v. Avitech, Inc.*, 202 F.3d 746, 751, 754-55 (5th Cir. 2000) (affirming summary judgment despite considering the expert reports); *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011) ("distinguishing the *admissibility* of evidence

from its *sufficiency*"). No cross-examination at Dr. Brogioli's deposition was required, nor must the Court hold a trial, for Canon to show that the evidence of infringement under DOE that OIT has proffered falls far short of raising a genuine dispute of material fact.

In sum, the mere fact that OIT's DOE claim charts are limitation-by-limitation does not make them "detailed," as OIT would have the Court believe. They are formulaic, applied with little-to-no variation among different limitations, and lack the particularization that the law requires. They recite elements of the legal standards for DOE but do not explain why or how those standards are met. That they are applied across "32 separate infringement claim charts," D.I. 173 at 7, only serves to exemplify their improper uniformity and utter lack of tailored detail. OIT's opposition does nothing to refute the fundamental shortcomings of OIT's DOE allegations, so summary judgment should be granted to Canon.

## II. THE COURT SHOULD REJECT OIT'S ATTEMPT TO INVOKE FED. R. CIV. P. 56(d)

The Court should also reject OIT's attempt to stave off summary judgment by invoking Fed. R. Civ. P. 56(d). OIT knew the summary judgment deadline was approaching and was given every opportunity to take whatever depositions it felt were necessary before the deadline, and blanketly refused to take any technical depositions. *See* D.I. 131 at 5-10 (describing the lengths to which Canon went to make its Japanese witnesses available for deposition in Singapore, which OIT rejected). Even after Canon filed its motion for summary judgment, OIT expressed no interest in taking additional depositions. Accordingly, OIT cannot make the requisite showing under Fed. R. Civ. P. 56(d) that it diligently pursued the discovery it now claims it needs. *See JHN Holding, Inc. v. Nationwide Prop. & Casualty Ins. Co.*, No. 4:16-CV-00866, 2017 WL 4347683, at *5 (E.D. Tex. Sept. 29, 2017) ("Under Rule 56(d), the Court 'need

not aid non-movants who have occasioned their own predicament through sloth.'") (quoting *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992)).

Instead of diligently seeking the "critical fact discovery" that OIT claims it needs, OIT actively opposed taking that discovery prior to the summary judgment deadline, and pressed for pretrial depositions after Canon's witnesses arrive in Marshall for trial (a proposal which the Court already had rejected). *See* D.I. 139 at 9. Rewarding OIT for its lack of diligence effectively would inoculate OIT against summary judgment of noninfringement. Further, it would be extremely prejudicial to Canon. Not only would Canon lose the opportunity to have the DOE issue decided on summary judgment, Canon would be ambushed with new infringement theories at or on the eve of trial, and would have no opportunity to depose OIT's expert on the new theories, no opportunity to have its own expert analyze and respond to the new theories, and no opportunity to file a *Daubert* motion or motion to strike any improper theories.

Lack of diligence aside, OIT's request for additional discovery lacks the specificity that Fed. R. Civ. P. 56(d) demands. OIT's brief merely asserts that OIT wants certain technical depositions that allegedly "will bear directly on the relevant design, capabilities and operation of the accused products and technical documents that have been produced by Canon in this case." D.I. 177 at 1. These are the kind of "vague assertions that additional discovery will produce needed, but unspecified, facts" that do not cut it. *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)).

| | |
|---|---|
| Date:  November 23, 2020 | By: /s/ *Michael P. Sandonato (by perm. Andrea Fair)* <br> Michael P. Sandonato <br> Peter D. Shapiro <br> Daniel A. Apgar <br> VENABLE LLP <br> 1290 Avenue of the Americas <br> New York, NY 10104 <br> (212) 218-2100 (telephone) <br> (212) 218-2200  (facsimile) <br> MSandonato@Venable.com <br> PShapiro@Venable.com <br> DApgar@Venable.com <br> <br> Wesley Hill (Texas Bar. No. 24032294) <br> Andrea L. Fair (Texas Bar. No. 24078488) <br> Ward, Smith & Hill, PLLC <br> 1507 Bill Owens Parkway <br> Longview, Texas 75604 <br> (903) 757-6400 (main line) <br> (903) 757-2323 (facsimile) <br> wh@wsfirm.com <br> andrea@wsfirm.com <br> <br> *Counsel for Defendant Canon Inc.* |

### CERTIFICATE OF SERVICE

The undersigned certifies that, on November 23, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Andrea Fair