IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OPTIMUM IMAGING TECHNOLOGIES LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CANON INC.,<br><br>*Defendant*. | Case No. 2:19-CV-00246-JRG |

**JOINT PRETRIAL ORDER**

Optimum Imaging Technologies LLC ("OIT") and Canon Inc. ("Canon") (OIT and Canon, collectively, the "Parties") hereby submit this Joint Pretrial Order pursuant to the Court's Docket Control Order (ECF No. 187).

**A.  COUNSEL FOR THE PARTIES**

  **1.  ATTORNEYS FOR OIT**

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
**Capshaw DeRieux, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

J. Mark Mann
State Bar No. 12926150
G. Blake Thompson
State Bar No. 24042033
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, TX 75652
Telephone: (903) 657-8540

Korula T. Cherian
CA Bar No. 133967
(*Admitted to practice in E.D. Texas*)
Robert Harkins
CA Bar No. 179525
(*Admitted to practice in E.D. Texas*)
**RuyakCherian LLP**
1936 University Ave, Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Robert F. Ruyak
D.C. Bar No. 233304
(*Admitted to practice in E.D. Texas*)
Amadou Kilkenny Diaw
DC Bar No. 1006908
(*Admitted to practice in E.D. Texas*)

1

| | |
|---|---|
| mark@themannfirm.com | Thomas Dunham |
| blake@themannfirm.com | DC Bar No. 448407 |
| | (*Admitted to practice in E.D. Texas*) |
| | **RuyakCherian LLP** |
| | 1901 L St. NW, Suite 700 |
| | Washington, DC 20036 |
| | Telephone: (202) 838-1560 |
| | robertr@ruyakcherian.com |
| | amadoukd@ruyakcherian.com |
| | tomd@ruyakcherian.com |

**2. ATTORNEYS FOR DEFENDANT**

| | |
|---|---|
| Michael P. Sandonato | Wesley Hill (Texas Bar. No. 24032294) |
| Peter D. Shapiro | Andrea L. Fair (Texas Bar. No. 24078488) |
| Daniel A. Apgar | |
| VENABLE LLP | Ward, Smith & Hill, PLLC |
| 1290 Avenue of the Americas | 1507 Bill Owens Parkway |
| New York, NY 10104 | Longview, Texas 75604 |
| (212) 218-2100 (telephone) | (903) 757-6400 (main line) |
| (212) 218-2200 (facsimile) | (903) 757-2323 (facsimile) |
| MSandonato@Venable.com | wh@wsfirm.com |
| PShapiro@Venable.com | andrea@wsfirm.com |
| DApgar@Venable.com | |

Edmund J. Haughey
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4000 (telephone)
(202) 344-8300 (facsimile)
EHaughey@Venable.com

**B.   STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 et seq. The parties do not dispute that, with respect to this action, the Court has personal jurisdiction over OIT and Canon. *See* ECF No. 78 (Order denying Motion to Dismiss). Canon disputes that the Eastern District of Texas is the most convenient venue.

C.  **NATURE OF ACTION**

**OIT's Statement:** This is a patent infringement case related to Canon still and video still camera products and lenses and the capabilities of those products to correct lens aberrations in captured images ("accused camera and lens products"). Plaintiff OIT alleges that Canon's line of still and video cameras infringe claims 1-3, 9, 18, and 24 of U.S. Patent No. 7,612,805 (the "'805 Patent") and claims 1-5 and 14-18 of U.S. Patent No. 8,451,339 (the "'339 Patent", collectively "Asserted Patents" and "Asserted Patent Claims" respectively). The infringing acts in this case are Defendant's use, offers for sale, sales, and importation of accused camera and lens products with lens aberration correction capabilities in the U.S., Defendant's importation of accused camera and lens products with lens aberration correction capabilities into the U.S. and Defendant's inducement of others, in the U.S., to infringe the Asserted Patents through their purchase or use of accused camera and lens products with lens aberration correction capabilities.

**Defendant's Statement:** Canon denies that the Asserted Claims are infringed and that any infringement has been willful. Canon contends that the Asserted Claims are invalid and unenforceable. Canon also contends that OIT lacks statutory standing to assert the '805 Patent. Canon also contends that any damages to which OIT may be entitled under the '805 Patent are limited by intervening rights. Canon also contends that this case is exceptional under 35 U.S.C. § 285 and seeks its and expenses thereunder and any other relief the Court finds appropriate.

D.  **CONTENTIONS OF THE PARTIES**

**Plaintiff OIT's contentions**

*Infringement claims and damages*:

1. OIT contends that Canon directly infringes the Asserted Patent Claims, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 including at least

§ 271(a) because Canon has used, uses, offered for sale, offers for sale, imported, imports, sells and/or has sold its accused camera and lens products in the United States and § 271(b) because Canon has and continues to actively induce its customers to infringe the Asserted Patent Claims.

2. OIT contends that it has been damaged by the use, offers for sale, sales, and importation of the accused camera and lens products and is entitled to past damages adequate to compensate for the infringement, but in no event less than a reasonable royalty under 35 U.S.C. § 284 for the time beginning July 8, 2013 6-years prior to OIT's filing of the Complaint in this action through the time or trial.

3. OIT further contends that it is and has been being irreparably harmed by the use, offers for sale, sales, and importation of the accused camera and lens products and that no remedy at law would suffice to compensate OIT for the ongoing harm.

4. OIT contends that Defendant's infringement has been and continues to be willful for the entire damages period beginning on July 8, 2013 and OIT is entitled to enhanced damages up to three times under 35 U.S.C. § 284.

5. OIT further contends that Defendant's actions related to the case including but not limited to the willful infringement warrants a finding of exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs and any other applicable award as a result of that finding.

6. OIT further contends that damages are an inadequate remedy to compensate OIT for the ongoing harm caused by the continued use, offers for sale, sale, and importation of the accused camera and lens products, and consequently OIT is entitled to a permanent

injunction prohibiting the use, offers for sale, sale and importation of the accused camera and lens products.

*Responses to Defendant's affirmative defenses*:

7. OIT contends that the Asserted Patent Claims are not invalid or unpatentable for any reason, including under sections 101, 102, 103, 112, 115, 116, and/or 256 of the Patent Act, for double patenting, and any other argument for invalidity raised by Defendant.

8. OIT contends that the Asserted Patents Claims are not unenforceable or barred for any reason, including due to any alleged inequitable conduct, prosecution history estoppel, laches, waiver, estoppel, unclean hands, license and/ or exhaustion, unenforceability, lapse, expiration, abandonment, loss of rights, failure or intervening rights or any other equitable or legal theory asserted by Defendant.

9. OIT contends that its damages for infringement are not barred or limited by operation of any provision of law or equity asserted by Defendant, such as a unenforceability, lapse, expiration, abandonment, loss of rights, intervening rights, failure to mark, failure to mitigate, or under 35 U.S.C. §§ 286, 287, or 288.

10. OIT contends that Defendant is not entitled to a finding in its favor that this case is exceptional under Section 285 or to any other damages, attorneys' fees, or costs under the Patent Act or any other law or basis in equity.

11. OIT contends that, upon a finding of Defendant's liability, it is entitled to a court order imposing a permanent injunction preventing Defendant's further infringement of the Asserted Patent Claims.

**Defendant's contentions**

1. Canon contends that OIT lacks statutory standing to assert infringement the '805 Patent.

2. Canon contends that it does not directly or indirectly infringe any of the Asserted Patent Claims.

3. Canon contends that it does not infringe any of the Asserted Patent Claims literally or under the doctrine of equivalents, and that OIT's entitlement to rely on the doctrine of equivalents is limited by prosecution history estoppel, the disclosure-dedication doctrine, and ensnarement.

4. Canon contends that the Asserted Patent Claims are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102-103 in light of prior art.

5. Canon contends that the Asserted Patent Claims are invalid for lack of written description and lack of enablement under 35 U.S.C. § 112.

6. Canon contends that the Asserted Patent Claims are invalid as directed to patent-ineligible subject matter under 35 U.S.C. § 101.

7. Canon contends that the asserted claims of the '339 Patent are invalid under the doctrine of nonstatutory obviousness-type double patenting.

8. Canon contends that the '805 Patent is unenforceable due to inequitable conduct, and that both Asserted Patents are unenforceable due to OITs unclean hands.

9. Canon contends that the Asserted Patent Claims are not entitled to claim any priority date earlier than July 6, 2007 because U.S. Provisional Patent Application No. 60/807,605 does not provide adequate support for them.

10. Canon contends that OIT cannot establish that any single consumer directly infringes a valid asserted claim; therefore, OIT cannot prove a predicate act of direct infringement on which to base a claim of induced infringement by Canon.

11. Canon contends that it has never possessed specific intent to encourage another's infringement of any of the Asserted Patent Claims.

12. Canon contends that OIT is not entitled to damages on its claims of infringement, but even if so, OIT's proposed royalty rate is excessive and unsupported by the evidence.

13. Canon contends that the parties would have agreed to a lump sum reasonable royalty in the hypothetical negotiation.

14. Canon contends that, even if Canon is found to infringe, OIT's damages due to infringement of the '805 Patent are limited by intervening rights.

15. Canon contends that OIT is not entitled to an ongoing royalty.

16. Canon contends that OIT is not entitled to prejudgment or post-judgment interest or costs.

17. Canon contends that, even if Canon is found to infringe, OIT is not entitled to a finding of willful infringement or enhanced damages.

18. Canon contends that OIT is not entitled to a finding that this case has been exceptional in OIT's favor or attorney fees, expenses, or other relief under 35 U.S.C. § 285 or any other provision.

19. Canon contends that this case has been exceptional in Canon's favor and that Canon is entitled to attorney fees, expenses, and any other appropriate relief under 35 U.S.C. § 285 and any other provision.

20. Canon contends that OIT is not entitled to a permanent injunction. Canon contends that, to the extent Canon is found to infringe, money damages are an adequate remedy to compensate OIT for infringement.

21. Canon contends that the Eastern District of Texas is not the most convenient venue.

E. **STIPULATIONS AND UNCONTESTED FACTS**

**Stipulations**

1. Subject matter jurisdiction is proper in this Court.

2. Canon and OIT do not contest that the Court has personal jurisdiction over the parties solely for the limited purpose of this action only.

3. The parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

4. With respect to deposition designations, no objections or exchanges between counsel will be played or read at trial. If a party designates deposition testimony, and the other party counter-designates, both the designation and counter-designation will be read or played together. The time allotted by the Court for each side's presentation (if so specified) shall be reduced by the length of its designations or counter-designations, as measured by the total time that it takes for each designation and counter-designation to be played.

5. Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment of live witnesses.

6. The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and demonstratives by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and demonstratives. The parties agree to the following disclosure schedule:

   a. 72 hours before a witness testifies (live or by deposition), that witness will be identified along with the order in which the witness will testify as compared to other witnesses. For witnesses testifying by deposition, page:line designations will be provided.

   b. By 6:30 p.m. the night before a witness is to testify, the party calling the witness will identify the exhibits to be used with the witness' testimony, and disclose any demonstratives to be used with the witness; by 8 p.m. that same evening, the other party shall serve any objections to the exhibits or demonstratives; the parties shall then meet and confer by 9:00 p.m. and alert the Court's clerk thereafter of any issues so that the Court may determine how to resolve the issues.

   c. The parties agree to exchange opening statement demonstratives by 7 p.m. on the evening prior to opening statements. The parties will meet and confer as to whether to exchange closing demonstratives, and if so, when.

7. The parties request that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

8. Subject to the Court's permission, the parties shall be allowed to provide a joint jury notebook to each of the jurors, which shall contain the patents-in-suit and a chart of the Court's claim constructions.

**Uncontested Facts**

1. The '805 Patent, entitled "Digital Imaging System and Methods for Selective Image Filtration" was issued by the United States Patent and Trademark Office ("USPTO") on November 3, 2009, and identifies Neal Solomon as inventor.

2. The '339 Patent, entitled "Digital Imaging System For Correcting Image Aberrations" was issued by the USPTO on May 28, 2013, and lists Neal Solomon as inventor.

3. OIT filed its Complaint in this suit against Canon Inc. on July 8, 2019. *See* ECF No. 1.

4. The asserted claims of the '805 Patent are 1-3, 9, 18, and 24.

5. The asserted claims of the '339 Patent are 1-5 and 14-18.

6. The parties will continue to meet and confer regarding the authenticity of trial exhibits and will update their identification of trial exhibits subject to this agreed stipulation.

F.  **CONTESTED ISSUES OF FACT AND LAW**

**Plaintiff OIT's contested issues of fact and law**

Contested issues of fact and law:

1. Whether the accused camera and lens products used, offered for sale, sold or imported by Canon are shown by a preponderance of the evidence to infringe any of claims 1-3, 9, 18, and 24 of the '805 Patent in violation of 35 U.S.C. § 271(a) and (b).

2. Whether the accused camera and lens products used, offered for sale, sold or imported by Canon are shown by a preponderance of the evidence to infringe any of claims 1-5, and 14-18 of the '339 Patent in violation of 35 U.S.C. § 271(a) and (b).

3. Whether Defendant can prove by clear and convincing evidence that any of claims 1-3, 9, 18, and 24 of the '805 Patent is invalid or unenforceable for any reason.

4. Whether Defendant can prove by clear and convincing evidence that any of claims 1-5 and 14-18 of the '339 Patent is invalid or unenforceable for any reason.

5. Whether OIT is entitled to reasonable royalty damages for Defendant's past infringement if Defendant is found to infringe, including damages for pre-filing infringement, and prejudgment interest and costs.

6. Whether Defendant's infringement was willful.

7. Whether Defendant can prove any asserted defenses or counterclaims or are entitled to any sought relief.

8. Whether, if liability is found, OIT is entitled to an injunction preventing further infringement by Defendant.

9. Whether OIT is entitled to a finding that this case is exceptional, or to attorneys' fees, or costs.

**Defendant's contested issues of fact and law**

1. Whether OIT has statutory standing to bring this suit with respect to the '805 Patent.

2. Whether Canon has directly or indirectly infringed any of the Asserted Patent Claims, literally or under the doctrine of equivalents.

3. Whether, to the extent Canon is found to infringe, any infringement has been willful.

4. Whether the Asserted Patent Claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or (for the '339 Patent) the doctrine of nonstatutory obviousness-type double patenting.

5. Whether the Asserted Patent Claims are entitled to a priority date earlier than July 6, 2007.

6. Whether the '805 Patent is unenforceable due to inequitable conduct.

    7. Whether the Asserted Patents are unenforceable due to unclean hands.

    8. Whether OIT is entitled to damages and if so, what amount and what structure of reasonable royalty (lump sum vs. running royalty).

    9. Whether OIT's damages under the '805 Patent are limited by intervening rights.

    10. Whether OIT is entitled to an ongoing royalty.

    11. Whether OIT is entitled to prejudgment or post-judgment interest and costs.

    12. Whether, to the extent Canon is found to willfully infringe, OIT is entitled to enhanced damages.

    13. Whether this is an exceptional case entitling Canon to attorney fees, expenses, and any other relief.

    14. Whether OIT is entitled to a permanent injunction if Canon is found to infringe.

**G.   LIST OF WITNESSES**

    1. Plaintiff

    OIT's Trial Witness List is attached as Exhibit A.

    2. Defendant

    Canon's Trial Witness List is attached as Exhibit B.

**H.   LIST OF EXHIBITS**

    1. Plaintiff

    OIT's Trial Exhibit List is attached as Exhibit C.

    2. Defendant

    Canon's Trial Exhibit List is attached as Exhibit D.

**I.   DEPOSITION DESIGNATIONS**

    1. Plaintiff

   OIT's Deposition Designations are attached as Exhibit E.

 2. Defendant

   Canon's Deposition Designations are attached as Exhibit F.

**J.**  **PROPOSED JURY INSTRUCTIONS**

  The parties understand that the Court may use its own preliminary jury instructions at trial. The parties submit proposed preliminary jury instructions attached hereto as Exhibit G for the Court's consideration.

  Plaintiff and Defendant's competing proposed final jury instructions are attached hereto as Exhibits H and I respectively. The parties will continue to meet and confer and submit revised final jury instructions to the extent agreement is reached.

**K.**  **PROPOSED VERDICT FORM**

  Plaintiff and Defendant's competing proposed verdict forms are attached hereto as Exhibits J and K respectively. The parties will continue to meet and confer and submit a revised verdict form to the extent agreement is reached.

**L.**  **LIST OF PENDING MOTIONS**

 1. <u>Plaintiff's pending motions</u>

| Docket Number | Motion |
|---|---|
| Dkt. 61 | Motion to Compel Interrogatory Responses |
| Dkt. 93 | Motion for Protective Order |
| Dkt. 106 | Motion to Compel Production of Relevant License Agreements |
| Dkt. 129 | Motion to Supplement the Record Re: Motion to Compel Production of Relevant License Agreements (Dkt. 106) |
| Dkt. 132 | Motion for Leave to File Motion to Compel or For Clarification |
| Dkt. 148 | Motion to Strike Expert Testimony of Kimberly Schenk |

| Dkt. 149 | Motion for Summary Judgment on Canon's Affirmative Defenses |
| Dkt. 151 | Motion to Strike Expert Testimony of Wayne Prentice |
| Dkt. 185 | Motions in Limine |

2. Defendant's pending motions

| Docket Number | Motion |
| --- | --- |
| Dkt. 128 | Defendant Canon Inc.'s Motion to Compel the Deposition of Neal Solomon |
| Dkt. 131 | Defendant Canon Inc.'s Motion to Enforce Docket Control Order |
| Dkt. 141 | Defendant Canon Inc.'s Motion for Summary Judgment that the Asserted Claims of U.S. Patent No. 7,612,805 and Claims 14-18 of U.S. Patent No. 8,451,339 Are Invalid for Lack of Written Description |
| Dkt. 142 | Defendant Canon Inc.'s *Daubert* Motion to Exclude Expert Testimony of Dr. Michael C. Brogioli, Ph.D. Disclosed in His Rebuttal Report |
| Dkt. 143 | Defendant Canon Inc.'s Motion for Summary Judgment of Noninfringement Under the Doctrine of Equivalents |
| Dkt. 144 | Defendant Canon Inc.'s *Daubert* Motion to Exclude Expert Testimony of Dr. Michael C. Brogioli, Ph.D. Disclosed in His Opening Report |
| Dkt. 145 | Defendant Canon Inc.'s *Daubert* Motion to Exclude the Testimony of Prof. Jeffrey Sedlik Regarding Comparability of Licensed Technology |
| Dkt. 146 | Defendant Canon Inc.'s Motion to Strike in Part Dr. Michael C. Brogioli's Expert Reports |
| Dkt. 150 | Defendant Canon Inc.'s *Daubert* Motion Regarding Dr. Stephen L. Becker's Damages Theory |
| Dkt. 152 | Defendant Canon Inc.'s Motion for Summary Judgment of Noninfringement |
| Dkt. 165 | Defendant Canon Inc.'s Unopposed Motion for Leave to File a Motion to Strike the Supplemental Expert Report of Dr. Michael C. Brogioli, Ph.D. |
| Dkt. 166 | Defendant Canon Inc.'s Motion to Strike the Supplemental Expert Report of Dr. Michael C. Brogioli, Ph.D. |
| Dkt. 166 | Defendant Canon Inc.'s Motion in Limine |

M. PROBABLE LENGTH OF TRIAL

The parties estimate that the probable length of trial is 24 hours (exclusive of voir dire, opening, and closing) and proposes that each side be allocated 12 hours.

The parties propose that each side be allocated 30 minutes for voir dire, 30 minutes for opening statements, and 45 minutes for closing statements.

N.     **MANAGEMENT CONFERENCE LIMITATIONS**

None.

O.     **CERTIFICATIONS**

Each party certifies, but only with respect to its own conduct and disclosures, that:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with except where altered by agreement or otherwise; and

3. Each exhibit in the List of Exhibits herein:

    a. is in existence;

    b. is numbered; and

    c. has been disclosed and shown to opposing counsel (except for any source code items which have been previously disclosed and which the parties are in the process exchanging per agreements between the parties).

Dated: November 23, 2020                     Respectfully submitted,

                                             By: */s/ Korula T. Cherian*
                                             S. Calvin Capshaw (State Bar No. 03783900)
                                             Elizabeth L. DeRieux (State Bar No. 05770585)
                                             **Capshaw DeRieux, LLP**
                                             114 E. Commerce Ave.
                                             Gladewater, TX 75647

Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Korula T. Cherian
Robert Harkins
**RuyakCherian LLP**
1936 University Ave, Ste. 350
Berkeley, CA 94702

Robert F. Ruyak
Amadou Kilkenny Diaw
Thomas Dunham
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036

J. Mark Mann (State Bar No. 12926150)
G. Blake Thompson (State Bar No. 24042033)
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, TX 7565
*Counsel for Plaintiff*
*Optimum Imaging Technologies LLC*

16

Respectfully submitted,

Date:  November 23, 2020         By: */s/ Michael P. Sandonato with permission*
                                 Michael P. Sandonato
                                 Peter D. Shapiro
                                 Daniel A. Apgar
                                 VENABLE LLP
                                 1290 Avenue of the Americas
                                 New York, NY 10104
                                 (212) 218-2100 (telephone)
                                 (212) 218-2200  (facsimile)
                                 MSandonato@Venable.com
                                 PShapiro@Venable.com
                                 DApgar@Venable.com

                                 Wesley Hill (Texas Bar. No. 24032294)
                                 Andrea L. Fair (Texas Bar. No. 24078488)
                                 Ward, Smith & Hill, PLLC
                                 1507 Bill Owens Parkway
                                 Longview, Texas 75604
                                 (903) 757-6400 (main line)
                                 (903) 757-2323 (facsimile)
                                 wh@wsfirm.com
                                 andrea@wsfirm.com

                                 *Counsel for Defendant Canon Inc.*