# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIMUM IMAGING TECHNOLOGIES LLC, *Plaintiff,* v. CANON INC., *Defendant.* | C.A. No. 2:19-cv-00246-JRG **JURY TRIAL DEMANDED** **FILED UNDER SEAL** |

# DEFENDANT CANON INC.'S REPLY IN SUPPORT OF ITS DAUBERT TO EXCLUDE THE TESTIMONY OF PROF. JEFFREY SEDLIK REGARDING COMPARABILITY OF LICENSED TECHNOLOGY

-i-

## **TABLE OF CONTENTS**

I.    OIT Admits that Mr. Sedlik is Not Qualified to Evaluate Patents ...................................... 1

II.    Mr. Sedlik is Not a Damages Expert and Should Not be Permitted to Opine as one ......... 3

III.    Mr. Sedlik's Opinions on Comparability Do Not Comport with Federal Circuit Precedent and its Progeny ................................................................................................... 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns Inc.*,
  694 F.3d 1312 (Fed. Cir. 2012)......................................................................................5

*Finjan, Inc. v. Secure Computing Corp.*,
  626 F.3d 1197 (Fed. Cir. 2010)......................................................................................4

*Flexuspine, Inc. v. Globus Med., Inc.*,
  No. 6:15-cv-201-JRG-KNM, 2016 WL 9276023 (E.D. Tex. July 6, 2016)..............................5

*Flexuspine, Inc. v. Gobus Med.*,
  No. 6:15-cv-201-JRG-KNM, 2016 U.S. Dist. LEXIS 199479 (E.D. Tex. July 6, 2016)..........5

*Lutron Elecs. Co., Inc. v. Crestron Elecs., Inc.*,
  970 F. Supp. 2d 1229 (D. Utah 2013)............................................................................4

*M2M Sols. LLC v. Motorola Sols., Inc.*,
  No. 12-33-RGA, 2016 WL 767900 (D. Del. Feb. 25, 2016) .................................................3, 4

*Odyssey Wireless, Inc. v. Apple Inc.*,
  No. 15-cv-01735-H-RBB, 2016 U.S. Dist. LEXIS 187982 (S.D. Cal. Sep. 14, 2016) .............5

*Virnetx, Inc. v. Cisco Sys., Inc.*,
  767 F.3d 1308 (Fed. Cir. 2014)......................................................................................4

*Wonderland Nurserygoods Co., Ltd. v. Thorley Indus. LLC*,
  No. 2:13-cv-00387, 2015 WL 5021416 (W.D. Pa. Aug. 21, 2015).........................................3

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
  No. 09-157-RGA, 2013 WL 865974 (D. Del. Mar. 7, 2013) ....................................................4

Defendant Canon Inc. ("Canon") replies in support of its *Daubert* motion (D.I. 145) that Mr. Sedlik's testimony should be stricken for not meeting the *Daubert* requirements.

## I.     OIT ADMITS THAT MR. SEDLIK IS NOT QUALIFIED TO EVALUATE PATENTS

OIT's response fails to address most of the issues Canon raises in its opening brief, but admits that Mr. Sedlik is not capable of analyzing patents and did not perform the technical comparability analysis he offers opinions on. D.I. 172 at 5-6.  OIT's apparent excuse for this fatal flaw is its confusing new assertion that Mr. Sedlik is a damages expert who is relying on Dr. Brogioli as a technical expert for the comparability analysis.  Mr. Sedlik is not a damages expert, he is a photographer, but whatever label he is given matters not, as it is irrefutable that in his report he is rendering opinions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).  OIT's opposition brief fails to rebut that:

- Mr. Sedlik is not qualified to offer expert opinions on comparability.

- Mr. Sedlik has no technical expertise relevant to analyzing patents and no ability to opine on what patents cover.

- There is no indication that Mr. Sedlik understands, much less applies, the relevant law related to comparability.

- There is no indication of what methodology Mr. Sedlik used to evaluate the technology and offer his opinions on comparability.

Because of these critical flaws, his testimony should be excluded under *Daubert*.

Contrary to OIT's assertions, Mr. Sedlik expressly offers opinions throughout his report about the comparability of *patents*  For example, he asserts that:

> Both the ▮▮▮▮ *Patents* and the *Asserted Patents* recite systems that ultimately permit photographers to create better images in the first instance. The ▮▮▮▮ *Patents* result in better images by ▮▮▮▮ and the *Asserted Patents* result in better images by automating the process of correcting certain aberrations that often appear in images.

*See* D.I. 145 Ex. 1 at 18-19 (emphasis added); *see also, id.* 11, 13. Nowhere in his report does Mr. Sedlik say that he is relying on Dr. Brogioli for all of that analysis[1] and he should not be allowed to pivot now to offer different opinions, or act as a surrogate to present opinions to the jury as allegedly coming from Dr. Brogioli that Dr. Brogioli never offered in his own report.[2]

In opposing Canon's motion, OIT points to Mr. Sedlik's admissions at his deposition that he is incapable of evaluating technical patents and relied entirely on Dr Brogioli for all the comparisons of the patented technology for which he offers opinions. D.I. 172 at 6. Far from providing support for OIT, those admissions are indisputable evidence that Mr. Sedlik is not competent to offer the technical opinions he did. They are not, as OIT would have it, an excuse

---

[1] OIT's opposition brief cites discussions between Dr. Brogioli and Mr. Sedlik that are described in Mr. Sedlik's report to argue that he did disclose that his opinions on technical comparability are based on Dr. Brogioli's analysis. *See* D.I. 172 at 6-8. But Mr. Sedlik says only that he talked to Dr. Brogioli to "confirm [his] understanding of the inventions recited by the Asserted Claims ▮▮▮▮" D.I. 145 Ex. 1 at 11. Nowhere does he say that he simply relied on Dr. Brogioli for his opinions on comparability as opposed to reaching those opinions on his own.

[2] It is ironic that OIT bases its opposition on Mr. Sedlik's supposed reliance on Dr. Brogioli, as in the single paragraph that Dr. Brogioli has on the comparability issue in his report, he never even identifies the technology to which the ▮▮▮▮ Patents relate, and says only ▮▮▮▮ whatever that may mean. D.I. 144 Ex. 1 at ¶ 130. This point is fully developed in Canon's opening brief and reply brief is support of its motion to preclude Dr. Brogioli's testimony. D.I. 144; *see also* Canon's Reply in Support of its *Daubert* Motion to exclude the Testimony of Dr. Michael C. Brogioli, Ph.D. Disclosed in his Opening Report, filed simultaneously with the present reply.

for him to retroactively substitute Dr. Brogioli as the originator of all his technical comparison opinions in his report. As OIT now has admitted that Mr. Sedlik is not qualified to analyze patents (D.I. 172 at 5-6), his testimony should be excluded because he is not qualified to give it. *M2M Sols. LLC v. Motorola Sols., Inc.*, No. 12-33-RGA, 2016 WL 767900, *3-4 (D. Del. Feb. 25, 2016) (excluding expert testimony even though the expert had "considerable experience in the industry generally" because he was not qualified to testify to the "advantageous characteristics of the patented technology").

## II.    MR. SEDLIK IS NOT A DAMAGES EXPERT AND SHOULD NOT BE PERMITTED TO OPINE AS ONE

OIT now asserts in its opposition that Mr. Sedlik should be allowed to offer his opinions as to the benefits of the ▇▇▇▇ patents and the asserted patents because that comports with his role as a damages expert. According to OIT, since Mr. Sedlik is a damages expert, his role is "to provide testimony on the benefit or value of [the patented] features in the marketplace." D.I. 172 at 5. Throughout its opposition brief, OIT continues to assert that it was proper for Mr. Sedlik to rely on Dr. Brogioli for comparability of the technology (something Mr. Sedlik does not purport to do in his report), and for him to opine on the benefits of the invention as a damages expert. *See, e.g.*, D.I. 172 at n.2 (arguing that "it is *exactly* the role of the damages expert to opine [on] 'the benefits of the inventions,' whereas the technical expert opines [on] the scope of the 'technologies that yield [those benefits]'") (emphasis in the original).

However, in his report, Mr. Sedlik never represents that he is a damages expert. Rather, he offers opinions on the technology of the ▇▇▇▇ patents, and how that compares to the technology in OIT's asserted patents. *See, e.g.*, D.I. 145 Ex. 1 at 18. Moreover, Mr. Sedlik is not qualified to be a damages expert because he has no training or experience that gives him expertise in that area. *See, e.g.*, *Wonderland Nurserygoods Co., Ltd. v. Thorley Indus. LLC*, No.

-3-

2:13-cv-00387, 2015 WL 5021416, at *14 (W.D. Pa. Aug. 21, 2015) (holding that an expert with experience consulting for product design, development, and manufacturing was not qualified to render damages opinions because he lacked qualifications that area); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 09-157-RGA, 2013 WL 865974, at *3 (D. Del. Mar. 7, 2013) (preventing an expert who had computer science and call center expertise from giving conclusions on commercial success and industry acceptance because such conclusions exceeded his technical expertise and he had no personal experience marketing or selling the accused technology); *Lutron Elecs. Co., Inc. v. Crestron Elecs., Inc.,* 970 F. Supp. 2d 1229, 1242 (D. Utah 2013) (holding that experts with backgrounds in electrical engineering were not qualified about commercial success).

Therefore, none of these opinions are proper for Mr. Sedlik. He indisputably (and admittedly) has no expertise in evaluating technical patents. Nor is he qualified to be a damages expert and allowing him to testify as to any of these opinions as OIT now urges would be improper for that additional reason.

### III. MR. SEDLIK'S OPINIONS ON COMPARABILITY DO NOT COMPORT WITH FEDERAL CIRCUIT PRECEDENT AND ITS PROGENY

Mr. Sedlik's opinion that the ▮▮▮▮▮ patents are comparable to the asserted patents based on comparing the purported benefits of each is not a proper way to assess comparability. *M2M*, 2016 WL 767900, at *4. None of the cases OIT cites hold otherwise. In *Virnetx, Inc. v. Cisco Systems, Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014), of the six comparable licenses, four of them "relate[d] to the *actual patents-in-suit*, while the others were drawn to related technology" that led to the patents. *Id.* (emphasis added). In *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1210-12 (Fed. Cir. 2010), the challenge raised was after the jury had already heard the evidence concerning the licenses so there was no *Daubert* challenge, but rather

-4-

a challenge that related to the sufficiency of the record for the jury.  In *ActiveVideo Networks, Inc. v. Verizon Commcations Inc.*, 694 F.3d 1312, 1332-33 (Fed. Cir. 2012), the court excluded a license that was four years removed from the hypothetical negotiation date and there was no challenge to the admissibility of the other license.  In *Odyssey Wireless, Inc. v. Apple Inc.*, No. 15-cv-01735-H-RBB, 2016 U.S. Dist. LEXIS 187982, at *13-16 (S.D. Cal. Sep. 14, 2016), there was no challenge to the technical expert's comparability analysis that was being relied on by the damages expert.

Finally, OIT's attempt distinguish *Flexuspine* falls short.  D.I. 172 at 8-9.  Mr. Sedlik's generalizations about how the asserted patents and the ▇▇▇▇▇ patents allow photographers to capture better images and therefore are comparable is exactly the kind of abstraction that *Flexuspine* precluded.  To begin with, the *Flexuspine* case that OIT cites is not the one that Canon cited, and does not deal with the preclusion of Dr. Becker's testimony on comparability. *Compare Flexuspine, Inc. v. Globus Med., Inc.*, No. 6:15-cv-201-JRG-KNM, 2016 WL 9276023, at *5 (E.D. Tex. July 6, 2016) (cited by Canon in its opening brief at 8) *with Flexuspine, Inc. v. Gobus Med.,* No. 6:15-cv-201-JRG-KNM, 2016 U.S. Dist. LEXIS 199479 (E.D. Tex. July 6, 2016) (cited by OIT in its opposition brief at 8-9).  Moreover, in the *Flexuspine* opinion that Canon does cite, this Court found that Dr. Becker's (OIT's damages expert in this case) opinion should be precluded based on his field of use abstraction.  In *Flexuspine* Dr. Becker opined that the technology that covered spine implants is comparable without regard to how the spine implants function.  *Flexuspine*, 2016 WL 9276023, at *5.  Similarly, here Mr. Sedlik's opinion, that the patents generally improve image quality in cameras, is equally abstract and without regard to the specific methodology used to achieve that improvement.  D.I. 145 Ex. 1 at 18-19. *Flexuspine* would preclude Mr. Sedlik's abstract comparability conclusions even if he were qualitied to give them (which he demonstrably is not).

| | |
|---|---|
| Date:  November 23, 2020 | By: /s/ *Michael P. Sandonato (by perm. Andrea Fair)* <br> Michael P. Sandonato <br> Peter D. Shapiro <br> Daniel A. Apgar <br> VENABLE LLP <br> 1290 Avenue of the Americas <br> New York, NY 10104 <br> (212) 218-2100 (telephone) <br> (212) 218-2200  (facsimile) <br> MSandonato@Venable.com <br> PShapiro@Venable.com <br> DApgar@Venable.com <br> <br> Wesley Hill (Texas Bar. No. 24032294) <br> Andrea L. Fair (Texas Bar. No. 24078488) <br> Ward, Smith & Hill, PLLC <br> 1507 Bill Owens Parkway <br> Longview, Texas 75604 <br> (903) 757-6400 (main line) <br> (903) 757-2323 (facsimile) <br> wh@wsfirm.com <br> andrea@wsfirm.com <br> <br> *Counsel for Defendant Canon Inc.* |

## CERTIFICATE OF SERVICE

The undersigned certifies that, on November 23, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Andrea Fair

-6-

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that the above document should be filed under seal because it contains material designated by the parties as confidential pursuant to the Protective Order entered in this case (Dkt. 42).

/s/ Andrea Fair