# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

OPTIMUM IMAGING TECHNOLOGIES LLC,

*Plaintiff,*

v.

CANON INC.,

*Defendant.*

C.A. No. 2:19-cv-00246-JRG

**JURY TRIAL DEMANDED**

## DEFENDANT CANON INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF DR. MICHAEL C. BROGIOLI, PH.D.

### TABLE OF CONTENTS

I.      The Docket Control Order Does Not Allow for New Opinions Based on Pre-
        Existing Information ...................................................................................... 1

II.     The Fact That Depositions of Canon's Technical Witnesses Have Not Occurred Is
        OIT's Own Fault and Does Not Justify Dr. Brogioli's New Representativeness
        Opinions ........................................................................................................ 2

III.    OIT's Lackadaisical Handling of the Representative Products Issue Undercuts Its
        Claim of Importance ...................................................................................... 3

IV.     The Prejudice to Canon Is of OIT's Making, Not Canon's ............................... 4

V.      The Recent Postponement of Trial Is Not an Excuse to Re-Do Deficient Aspects
        of the Opening Brogioli Report ...................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Phenix Longhorn, LLC v. Wistron Corp.*,
      No. 2:17-cv-00711-RWS, 2019 WL 6873029 (E.D. Tex. Aug. 16, 2019)........................ 3

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
      No. 2:17-CV-00651-JRG, 2019 WL 2267212 (E.D. Tex. May 28, 2019) ........................ 1

Defendant Canon Inc. ("Canon") hereby replies in support of its motion (D.I. 166) to strike the supplemental expert report of Dr. Brogioli ("Supplemental Brogioli Report") served by Plaintiff Optimum Imaging Technologies LLC ("OIT") on November 2, 2020.

## I.   THE DOCKET CONTROL ORDER DOES NOT ALLOW FOR NEW OPINIONS BASED ON PRE-EXISTING INFORMATION

OIT argues that the Supplemental Brogioli Report is "timely" under the docket control order and therefore must be proper.[1]  But the November 2, 2020 deadline for supplemental expert reports did not give the parties leave to re-do deficient aspects of their previous expert reports so long as they did it by that date.  That is exactly what the Supplemental Brogioli Report is—a re-do of the deficient representative products analysis included in the opening expert report that Dr. Brogioli submitted on September 28, 2020 ("Opening Brogioli Report").[2]

OIT does not deny that the Supplemental Brogioli Report contains brand new opinions on representativeness, nor does OIT deny that those new opinions are based entirely on old information that OIT had before the Opening Brogioli Report was submitted on September 28, 2020.  OIT faults Canon for not pointing to any specific pre-existing information on which Dr. Brogioli bases his new representativeness opinions, *see* D.I. 217 at 2, but that is a failing on Dr.

---

[1] OIT incorrectly argues that *Uniloc*'s four-part test for exclusion does not apply here because the Supplemental Brogioli Report was "timely" under the docket control order.  In *Uniloc*, the amended expert report at issue also was "timely," but that did not stop the court from striking the report's improper new opinions.  *See Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 WL 2267212, at *1-2 (E.D. Tex. May 28, 2019) (noting that the amended report was served on March 8, 2019, "[c]onsistent with the Court's order").

[2] In an attempt to distract from the real issue, OIT argues that the Supplemental Brogioli Report addresses a second issue, namely, "the status of discovery in this case and the fact that technical depositions of Canon and its key engineers have not yet occurred."  D.I. 217 at 3.  Dr. Brogioli's commentary on the status of discovery is not an opinion that must be disclosed pursuant to Fed. R. Civ. P. 26(a)(2), nor is the status of discovery something that Dr. Brogioli would be allowed to testify about at trial.  This commentary is gratuitous, self-serving, and does not save the Supplemental Brogioli Report from being stricken in its entirety. And, as developed in Section II below, that OIT has not deposed Canon's Japanese witnesses is a problem of its own making.

Brogioli's part because he did not identify any information on which he based his new opinions. *See generally* D.I. 166-13 (Supplemental Brogioli Report).  Regardless, whatever information Dr. Brogioli based his new opinions on necessarily is information that OIT had before the Opening Brogioli Report because Canon did not thereafter produce any new technical documents that could have formed the basis for the new opinions.  And, as OIT concedes, no depositions of any Canon technical witnesses occurred after the Opening Brogioli Report.

## II.   THE FACT THAT DEPOSITIONS OF CANON'S TECHNICAL WITNESSES HAVE NOT OCCURRED IS OIT'S OWN FAULT AND DOES NOT JUSTIFY DR. BROGIOLI'S NEW REPRESENTATIVENESS OPINIONS

OIT argues that it "has not yet had the opportunity to depose any of Canon's 30(b)(6) corporate representatives or 30(b)(1) witnesses regarding technical issues."  D.I. 217 at 1.  OIT had the opportunity to take those depositions before the November 2, 2020 supplementation deadline and refused to take them.  As detailed in Canon's motion to enforce the docket control order (D.I. 131), Canon undertook significant efforts to make its Japanese technical witnesses available for remote depositions in Singapore during the month of October, including obtaining approval from the Singapore government, scheduling its witnesses for COVID-19 testing, and making travel and hotel arrangements.  *See* D.I. 131 at 1, 9-10.  After initially agreeing to the remote depositions, OIT reversed course and refused to take any depositions of Canon's technical witnesses in October, pressing instead for in-person depositions after Canon's witnesses arrive in Marshall for trial—a proposal which the Court already had rejected.  *See id*. at 1, 4-10; D.I. 166-7 (OIT stating: "We … agree that the parties should work together to schedule depositions *so that they may occur once Canon's witnesses may travel to Singapore or any other location for remote depositions*.") (emphasis added).  Having had the opportunity to take whatever technical depositions it felt were necessary before the November 2, 2020 supplementation deadline and having chosen not to take any, OIT should not now be heard to

complain about not having had the benefit of those depositions for purposes of expert reports.  In any case, the fact that OIT has not deposed Canon's technical witnesses in no way justifies the untimely new representativeness opinions in the Supplemental Brogioli Report, which are not based on any deposition testimony.[3]

## III.    OIT'S LACKADAISICAL HANDLING OF THE REPRESENTATIVE PRODUCTS ISSUE UNDERCUTS ITS CLAIM OF IMPORTANCE

OIT argues that Dr. Brogioli's new representativeness opinions go to an important issue and therefore should not be stricken.  But OIT's lackadaisical handling of the representative products issue belies its argument.  *See Phenix Longhorn, LLC v. Wistron Corp.*, No. 2:17-cv-00711-RWS, 2019 WL 6873029, at *3 (E.D. Tex. Aug. 16, 2019) ("[T]he Court finds that any argument as to the importance of Phenix's proposed amendments is undermined by Phenix's lack of diligence.").  The entirety of the parties' correspondence on the representative products issue in the two months leading up to opening expert reports is summarized in Canon's opening brief and the correspondence itself is attached as exhibits thereto.  *See* D.I. 166 at 2-4; D.I. 166-1 through 166-9.  The correspondence shows that Canon promptly responded to every one of OIT's proposals, each time asking OIT to provide basic details regarding its proposal so that Canon could evaluate it.  OIT then would go silent for weeks at a time, and eventually come back to Canon without the requested details.  That is not the conduct of someone who truly believes the representative products issue is important.  Likewise, OIT's failure to have Dr. Brogioli meaningfully address representativeness in his opening expert report, despite knowing

---

[3] OIT asserts that the pretrial depositions of Canon's technical witnesses that it seeks "will require additional expert report supplementation."  D.I. 217 at 8.  Canon will strongly oppose any attempt by OIT to supplement its expert reports on the eve of trial based on depositions that OIT had an opportunity to take in October 2020, as allowing OIT to do so would be incredibly prejudicial to Canon.

that this was an unsettled issue, further belies OIT's claim of importance.

In an attempt to shift the blame, OIT asserts that "each time" it made a proposal it requested that Canon make its own representative products proposal.  D.I. 217 at 7.  The record shows this is a blatant lie.  OIT made no such request when it first floated the idea of a representative products stipulation on July 28, 2020.  *See* Ex. 166-1.  Nor did OIT make such a request when it made its first proposal on August 4, 2020.  *See* Ex. 166-3 (asking "what Canon's thoughts are regarding OIT's proposal," but not asking Canon to make its own proposal).  Or when OIT made its next proposal on August 24, 2020.  *See* Ex. 166-5 (asking whether Canon agrees to OIT's representativeness proposal and saying OIT "expects that Canon will propose ways in which it can narrow its portion of the case," specifically invalidity and Mr. Solomon's finances, but not asking Canon to make its own representative products proposal).  Moreover, it was not Canon's job to guess what OIT's infringement theories might be and somehow divine which accused products OIT's unarticulated theories might apply to.

## IV.    THE PREJUDICE TO CANON IS OF OIT'S MAKING, NOT CANON'S

OIT does not deny any of the ways that Canon would be prejudiced if the Supplemental Brogioli Report is not stricken, including that Canon has not had an opportunity to question Dr. Brogioli about his new representativeness opinions, that Canon's expert has not had an opportunity to analyze and respond to those new opinions, and that the Supplemental Brogioli Report was crafted with the hindsight knowledge of how Canon and its expert had attacked Dr. Brogioli's original opinions.  *See* D.I. 166 at 11-13.

OIT nevertheless argues that the foregoing prejudice is of Canon's "own making" and faults Canon for not including any mechanism in the docket control order to allow for additional expert depositions and rebuttal reports following supplemental expert reports.  D.I. 217 at 8.  The prejudice here is not the result of Canon's proposed docket control order—it is the result OIT

going beyond the bounds of reasonable supplementation and having Dr. Brogioli offer new opinions based on old information that OIT had before the September 28, 2020 deadline for opening expert reports.  A proper supplementation would not have required a second round of expert depositions and rebuttal reports.

Also on the subject of prejudice, OIT argues that "Canon's motion is inconsistent with the reality of the parties ongoing discussions regarding this issue."  D.I. 217 at 9.  As Canon explained to OIT in its November 5, 2020 letter (D.I. 217-5), Canon is willing to stipulate for purposes of this lawsuit that three products selected by OIT are representative of a good number of other accused products, but not all other accused products.  Dissatisfied with Canon's response, OIT broke off discussions during a meet and confer on November 12 and has not made any attempt to reengage Canon on the representative products issue since.  At this point, a representative products stipulation is far from a foregone conclusion, and even if one is agreed to, it will be more limited than the representativeness mappings contained in the Supplemental Brogioli Report.  The possibility of a stipulation therefore does not in any way negate the prejudice to Canon.

## V.     THE RECENT POSTPONEMENT OF TRIAL IS NOT AN EXCUSE TO RE-DO DEFICIENT ASPECTS OF THE OPENING BROGIOLI REPORT

Due to the worsening COVID-19 situation, the Court recently continued all jury trials until the spring of 2021 and postponed the trial in this case to May 10, 2021.  *See* D.I. 188.  OIT seizes upon this as a reason to allow the Supplemental Brogioli Report.  However, the Court was express that the continuance is not to facilitate re-dos like the one that OIT seeks here: "To be clear, no one should view this, in and of itself, as a window of opportunity to re-open discovery of otherwise facilitate a 're-do' of cases substantially developed, narrowed, and ready to proceed."  *Id.* at 4 n.5.

Date:  December 2, 2020

By: /s/ *Michael P. Sandonato (by perm. Andrea Fair)*
Michael P. Sandonato
Peter D. Shapiro
Daniel A. Apgar
VENABLE LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100 (telephone)
(212) 218-2200  (facsimile)
MSandonato@Venable.com
PShapiro@Venable.com
DApgar@Venable.com

Wesley Hill (Texas Bar. No. 24032294)
Andrea L. Fair (Texas Bar. No. 24078488)
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (main line)
(903) 757-2323 (facsimile)
wh@wsfirm.com
andrea@wsfirm.com

*Counsel for Defendant Canon Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on December 2, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Andrea Fair