# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIMUM IMAGING TECHNOLOGIES LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> CANON INC., <br><br> *Defendant*. | Case No. 2:19-CV-00246 <br><br> Filed Under Seal |

## PLAINTIFF'S SUR-REPY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. ISSUE NUMBER ONE – DISPUTES OF MATERIAL FACT RENDER SUMMARY JUDGEMENT INAPPROPRIATE .................................................................................... 1

    A.  APPLYING THE PLAIN MEANING OF THE CLAIM TERM, PLAINTIFF'S AND DEFENDANT'S EXPERT WITNESSES HAVE ALLEGED THAT DIFFERENT STRUCTURE SATISFIES THE "DATABASE" LIMITATIONS .... 1

    B.  DEFENDANT'S ARGUMENT IS BASED ON AN ERRONEOUS COMPARISON OF THE ACCUSED PRODUCTS TO DEFENDANT'S CHARACTERIZATION OF THE CLAIMS ............................................................. 3

    C.  THE EXPERTS DISPUTE WHETHER OR NOT THE ACCUSED PRODUCTS INCLUDE ONE OR MORE "DATABASES" .......................................................... 5

III. ISSUE NUMBER TWO – THE DIGITAL SIGNAL PROCESSORS IN THE ACCUSED PRODUCTS SELECT A PROCEDURE ...................................................... 6

IV. OIT IS ENTITLED TO FULLY EXPLORE ITS INFRINGEMENT THEORY REGARDING THE DLO ................................................................................................... 7

V. DEFENDANT'S ARGUMENT REGARDING CLAIM 18 OF THE '805 PATENT IS MOOT ................................................................................................................................ 7

VI. FUNDAMENTAL DISCOVERY HAS NOT YET OCCURRED ................................. 7

VII. THE COURT SHOULD STRIKE THE PRENTICE REPORTS ................................. 9

VIII. CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 U.S. Dist. LEXIS 180292 (E.D. Tex. May 11, 2015) ............................................................................................................... 3, 5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................. 5

*Burgos v. S.W. Bell Tel. Co.,* 20 F.3d 633 (5th Cir. 1994) ............................................................. 5

*Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*, 635 F.3d 1373 (Fed. Cir. 2011) ........................................................................................................................................ 6

*Edwards Sys. Tech., Inc. v. Digital Control Sys.*, 99 Fed. Appx. 911 (Fed. Cir. 2004) .................. 3

*JHN Holding, Inc. v. Nationwide Prop. & Casualty Ins. Co.*, No. 4:16-CV-00866, 2017 WL 4347683 (E.D. Tex. Sept. 29, 2017) ......................................................................................... 8

*Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-cv-800-WC, 2015 U.S. Dist. LEXIS 69361 (E.D. Tex. May 29, 2015) ..................................................................................................... 3, 6

*LecTec Corp. v. Chattem, Inc.*, No. 5:08-CV-130, 2010 U.S. Dist. LEXIS 146862 (E.D. Tex. Dec. 16, 2010) ........................................................................................................................ 3, 5

*Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.*, 285 F.3d 1353 (Fed. Cir. 2002) ...................... 6

*Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361 (Fed. Cir. 2004) ................................. 4, 6

*ThinkOptics, Inc. v. Nintendo of America, Inc.*, No. 6:11-cv-455-LED, Dkt. 453 (E.D. Tex. July 2, 2014) .................................................................................................................................. 4, 6

**Rules**

Fed. R. Civ. P. 56(d) ...................................................................................................................... 7

## I.    INTRODUCTION

Defendant's assertions regarding how the accused products operate – which OIT disputes - cannot be a substitute to a jury hearing the evidence, weighing the credibility of witnesses, and entering a verdict. As demonstrated in OIT's motion, there are numerous disputes of material fact rendering summary judgment inappropriate. Additionally, despite Defendant's allegations to the contrary, OIT has been diligent in seeking deposition testimony from Defendant that will bear on the exact issues raised by Defendant's motion. OIT has moved to compel Defendant to produce its technical witnesses for deposition in a pre-trial period in the U.S. and continues to diligently pursue discovery related directly to the infringement issues addressed in Defendant's motion.

## II.   ISSUE NUMBER ONE – DISPUTES OF MATERIAL FACT RENDER SUMMARY JUDGEMENT INAPPROPRIATE

### A. Applying the Plain Meaning of the Claim Term, Plaintiff's and Defendant's Expert Witnesses Have Alleged that Different Structure Satisfies the "Database" Limitations

Defendant's argument that the Accused Products do not have databases containing algorithms is not based on the language of the claims, but instead statements of OIT's expert witness that were made in the context of his discussion of various asserted prior art references. Defendant's arguments ignore the claim language and other statements in the record identifying various collections of information as satisfying the "database" claim term. Indeed, Defendant acknowledges in its Reply that the expert witnesses have identified numerous collections of data as satisfying the "database" claim element according to that term's plain and ordinary meaning.

Neither expert has disclaimed any particular understanding of the term "database." Both experts have analyzed the issue and opined that depending upon the system or the reference at issue, different structures may satisfy this claim limitation. Defendant acknowledges that the

1

experts have identified the following collections of information as meeting the "database" requirement (Reply at 1-2):



Defendant's technical expert has also identified the following structures as satisfying the "database" requirement of the asserted claims:



2



Defendant asserts that its expert's own identification of data structures that satisfy the "database" requirement of the claims is not relevant to this inquiry because Mr. Prentice was discussing invalidity, but Defendant's noninfringement argument is based on Mr. Brogioli's invalidity discussion, much like the quoted statements from Mr. Prentice's excerpted above. The jury must weigh the evidence and assess the witnesses' credibility. *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 U.S. Dist. LEXIS 180292, at *7 (E.D. Tex. May 11, 2015) (denying summary judgment of noninfringement and holding that "a grant of summary judgment is improper when resolution of the issues requires resolving a 'battle of the experts.'") (citing *Edwards Sys. Tech., Inc. v. Digital Control Sys.*, 99 Fed. Appx. 911, 921 (Fed. Cir. 2004)); *LecTec Corp. v. Chattem, Inc.*, No. 5:08-CV-130, 2010 U.S. Dist. LEXIS 146862, at *8 (E.D. Tex. Dec. 16, 2010) (denying plaintiff's motion for summary judgment and holding that "the briefing presents a classic "battle of the experts" that cannot be resolved on summary judgment.").

### B.  Defendant's Argument is Based on an Erroneous Comparison of the Accused Products to Defendant's Characterization of the Claims

Instead of specifically describing which claim elements are allegedly not satisfied by the accused products, Defendant argues that the accused products do not infringe because they do not satisfy Defendant's characterization of the asserted claims. On this basis alone, Defendant's argument should be rejected. *Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-cv-800-WC, 2015 U.S. Dist. LEXIS 69361, at *6 (E.D. Tex. May 29, 2015) (rejecting summary judgment of non-infringement that was premised on a misinterpretation of the asserted claims). It is the claims

3

themselves that must control the infringement analysis, not Defendant's characterizations. *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1369 (Fed. Cir. 2004) ("The second step of an infringement analysis is the court's comparison of the allegedly infringing device with the claim."). Defendant argues that OIT's attempts to dispute SUFs 6-9 are ineffective, but Defendant cannot dispute the words of the claims themselves and does not try to do so, instead relying on arguments that were made in connection with the validity analysis in this case. (Reply at 1).

Defendant's argument is based on the premise that the asserted claims all require a database "containing algorithms," but the words of the claims themselves belie Defendant's assertions. Defendant attempts to assert in SUFs 6-9 that each of the asserted claims require a "database" that contains algorithms. But the text of the asserted claims themselves demonstrates that Defendant's assertion is inconsistent with the claim language. In response to Defendant's SUF 7, OIT stated:

> [d]isputed to the extent that the quoted language is used to support SUF 6 because the quoted language does not 'require that the algorithms or procedures used to correct the optical aberration be identified in and/or selected from the database.' The language quoted by Defendant simply requires that 'the digital signal processor selects a specific procedure to optimize the image and corrects the aberrations.'"

(Opposition at 5). Defendant cites no law to support its argument that summary judgment is appropriate where it is based on alleged claim requirements as described by an expert witness as opposed to the language of the claims themselves. Its argument should be rejected accordingly.

Defendant's argument is also based on the addition of limitations to the asserted claims that simply do not appear in the patent. Defendant's arguments should also be rejected on this basis. *See ThinkOptics, Inc. v. Nintendo of America, Inc.*, No. 6:11-cv-455-LED, Dkt. 453, at *8 (E.D. Tex. July 2, 2014) (denying summary judgment of noninfringement that improperly attempted to import additional claim limitations, which were "too narrow" in light of the claims and specification).

4

### C. The Experts Dispute Whether or not the Accused Products Include one or more "Databases"

The experts dispute whether or not the accused products satisfy the "database" limitation. OIT's expert witness did not concede that this claim element is not satisfied and asserts that each of the accused products do in fact satisfy this limitation. (*See e.g.,* Opp. at 8-10, 22-23). Defendant attempts to assert that the disputes of material fact identified by OIT lack merit, but Defendant's arguments ignore the law regarding summary judgment which requires Courts to view all evidence in the light most favorable to the non-moving party and resolve all reasonable doubts and draw all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Burgos v. S.W. Bell Tel. Co.,* 20 F.3d 633, 635 (5th Cir. 1994).

As described in OIT's opposition, Dr. Brogioli opines that the accused products all satisfy the "database" limitations of the asserted claims. (Opp. at 7-9). Dr. Brogioli cites to specific circuitry and source code to support his opinion that the accused products satisfy the various "database" requirements. Defendant argues that Dr. Brogioli's opinions are insufficient, but Defendant's assertion cannot change the fact that Dr. Brogioli's opinion regarding these claim elements identify source code, circuitry, and other evidence that Dr. Brogioli opines demonstrates the accused products infringement with respect to the "database" claim element. Motions for summary judgment are routinely denied under similar circumstances where the parties present competing expert testimony regarding a contested issue. *See Allure Energy, Inc.*, 2015 U.S. Dist. LEXIS 180292, at *7; *LecTec Corp.*, 2010 U.S. Dist. LEXIS 146862, at *8.

Defendant's only response to this argument is that OIT's expert witness has allegedly described the term database in a specific manner, but the record demonstrates that both experts have assessed the "database" requirements in light of the role that the database plays in the asserted claims in connection with their analyses and have reached different conclusions - demonstrating

that this is an issue that the jury should resolve. *See Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*, 635 F.3d 1373, 1384 (Fed. Cir. 2011) ("Where there is a material dispute as to the credibility and weight that should be afforded to conflicting expert reports, summary judgment is usually inappropriate."); *Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.*, 285 F.3d 1353, 1362 (Fed. Cir. 2002) (finding summary judgment inappropriate because "the conflicting allegations of the experts here leave unresolved factual disputes").

### III.    ISSUE NUMBER TWO – THE DIGITAL SIGNAL PROCESSORS IN THE ACCUSED PRODUCTS SELECT A PROCEDURE

Claims 1 and 9 of the '805 Patent recite that "the digital signal processor selects a specific procedure to optimize the image and corrects the aberrations." (Opp. at 13). Defendant's argument that this claim element is not satisfied is again based on Defendant's own characterization of what this claim language means, not a comparison of the accused products to the claim language. Defendant's argument should be rejected accordingly. *Kroy IP Holdings, LLC*, 2015 U.S. Dist. LEXIS 69361, at *6; *Liquid Dynamics Corp.*, 355 F.3d at 1369.



Defendant argues that ███████████████████████████████████████████████████████████████████████████████████ (Reply at 6-7). But the claims do not in any manner exclude the process described in Defendant's brief from their scope. ███████████████████████████████████████████████████████████████████████████████████ Defendant's brief attempts again to read limitations into the claims that simply do not appear in their clear text and should be rejected accordingly. *ThinkOptics*, No. 6:11-cv-455-LED, at *8.

6

### IV. OIT IS ENTITLED TO FULLY EXPLORE ITS INFRINGEMENT THEORY REGARDING THE DLO

Defendant has produced minimal information regarding the DLO in discovery, but the little information that has been provided indicates that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Opposition at 25-26). Defendant does not dispute this fact, but instead argues that it is too late for OIT to raise this issue. Defendant's argument ignores the unique posture of this case in which technical depositions of Defendant and its fact witnesses have not yet occurred. (Opposition at 27-29). It would be premature for Defendant to receive a ruling on its motion prior to these key depositions occurring.[1]

### V. DEFENDANT'S ARGUMENT REGARDING CLAIM 18 OF THE '805 PATENT IS MOOT

The sole basis for Defendant's argument that claim 18 of the '805 is not infringed was the erroneous inclusion of text in the expert report of Dr. Brogioli. The errata submitted by OIT on November 16 struck the portion of Dr. Brogioli's report that erroneously included opinions regarding claims 19 and 20 (which the Court found invalid). Accordingly, there is no longer a basis for Defendant's argument regarding claim 18 which should be rejected accordingly.

### VI. FUNDAMENTAL DISCOVERY HAS NOT YET OCCURRED

OIT diligently sought deposition testimony regarding technical issues from Defendant and its fact witnesses from the outset of this case. (PF 2-9). Due to issues related to COVID-19 and Defendant's substantial late productions of documents, the parties have been unable to agree regarding the timing, location and procedures that will govern OIT's technical depositions of Defendant and its fact witnesses. (*See* PF 8). The parties motions regarding this issue remain

---

[1] Defendant also relies on Rule 56(d) in its opposition arguing that summary judgment on its affirmative defenses would be premature until it is able to depose OIT and Mr. Solomon. (Dkt. No. 170 at pp. 25-27).

7

pending before the Court. (*Id.*) Defendant argues that OIT waived its right to depose Defendant by not accepting the timing and procedures that it proposed, but Defendant fails to cite any caselaw to support its position regarding this issue.

Non-movant OIT has been diligent in discover so Defendant's citation to *JHN Holding, Inc. v. Nationwide Prop. & Casualty Ins. Co.*, No. 4:16-CV-00866, 2017 WL 4347683, at *5 (E.D. Tex. Sept. 29, 2017) is inapposite because the non-movant in that case was not diligent. Here, OIT served the relevant deposition notices over six months ago May but was unable to take the requested discovery under the schedule and procedures mandated by Defendant. Plaintiff filed its motion to compel this discovery under a reasonable set of procedures well before the deadline for dispositive motions in this case and its motion remains pending. (PF 8).

Defendant also alleges that Plaintiff has not provided enough specificity regarding what it expects that technical depositions of Defendant to reveal, but Defendant is wrong. OIT specifically stated that it has been unable to take depositions of Defendant and its engineers regarding technical issues in this case including, but not limited to, the specific capabilities of the aberration correction modules at issue in this case and in Defendant's motion. (Opp. at 27-29).

Allowing OIT to have the discovery it is due and has requested would not prejudice Defendant, although not allow the discovery would severely prejudice OIT. The parties have been disputing the deposition issue for months and have filed briefs with the Court setting forth their positions. It should come as no surprise to Defendant that OIT reiterated its request for the key discovery that it seeks in connection with its opposition to Defendant's motion. Defendant also complains that it would have no opportunity to depose OIT's expert on any new theories, to serve a response to OIT's supplemental report, to depose OIT's expert, or to supplement motions to strike. Defendant's complaints are all illusory.

Canon filed a proposed order with its most recent motion to amend the docket control order. (Dkt. No. 124, 124-1). Critically, Canon's proposed docket control order 1) did not include a date for responses to any supplemental disclosures; 2) did not include a date to conduct any additional expert depositions on any supplemental reports; and 3) did not include any date for the submittal of supplemental motions to strike. (*See* Dkt. No. 124-1). Canon's attempt to use the absence of these procedures as an argument that it would be prejudiced should be rejected. Canon never asked for any of the mechanisms that it now relies upon to allege prejudice.

Additionally, trial in this matter is now scheduled for May 10, 2021 – more than five months from now – so Defendant's concerns regarding the having sufficient time to explore and challenge OIT's theories in light of its depositions of Defendant and its witnesses are now mooted. OIT sought the depositions at issue beginning in May. (PF 2). OIT took the depositions of Defendant's corporate representatives when it was reasonably able to do so. (PF 9). But due to travel restrictions arising from the COVID-19 pandemic, the policy of the Japanese government prohibit remote electronic depositions in U.S. based litigations, and the nature of the technical depositions at issue, OIT has been unable to complete its depositions of Defendant and its fact witnesses. (PF 8). As described in OIT's opposition, these depositions will bear directly on the issues raised in Defendant's motion regarding the operation of the aberration correction modules at issue in this case. Defendant cannot cite a case with similar facts where a Court prevented the non-moving party from taking the requested depositions and Defendant's motion should be denied accordingly.

## VII.   THE COURT SHOULD STRIKE THE PRENTICE REPORTS

When asked under oath, Mr. Prentice could not identify the individuals upon whom he relied in his expert reports. Defendant's after-the-fact rationalizations for this omission cannot change Mr. Prentice's testimony, and Plaintiff is prejudice by being unable to properly examine

9

the individuals identified in Mr. Prentice's report and the additional anonymous individual whom Mr. Prentice described during his deposition. The Court should strike Mr. Prentice's report as a result.

## VIII.   CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied.

Dated: November 30, 2020

Respectfully submitted,

By: /s/ *Korula T. Cherian*

Amadou Kilkenny Diaw
Thomas Dunham
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702

J. Mark Mann
State Bar No. 12926150
G. Blake Thompson
State Bar No. 24042033
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)
mark@themannfirm.com
blake@themannfirm.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770

>  ccapshaw@capshawlaw.com
>  ederieux@capshawlaw.com
>
>  *Attorneys for Plaintiff*
>  *Optimum Imaging Technologies LLC*

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of November 2020, with a copy of this document via electronic mail.

>  */s/ Korula T. Cherian*
>  Korula T. Cherian

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned hereby certifies that counsel that this document should be filed under seal because it contains material designated under the Protective Order approved and entered in this case.

>  */s/ Korula T. Cherian*
>  Korula T. Cherian