THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OPTIMUM IMAGING TECHNOLOGIES LLC,<br><br>      *Plaintiff*,<br><br>  v.<br><br>CANON INC.,<br><br>      *Defendant*. | Case No. 2:19-CV-00246-JRG<br><br>**Filed Under Seal** |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

**TABLE OF CONTENTS**

I.   MATERIAL FACTS IN DISPUTE PREVENT SUMMARY JUDGMENT ON OIT'S DOCTRINE OF EQUIVALENTS CLAIMS.................................................................... 1

II.  SUMMARY JUDGMENT IS IMPROPER UNDER RULE 56(d) BECAUSE NO TECHNICAL DEPOSITIONS OF CANON OR ITS WITNESSES HAVE OCCURRED ........................................................................................................ 3

III. CONCLUSION.................................................................................................... 4

CERTIFICATE OF SERVICE ....................................................................................... 6

CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL ..................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Am. Calcar, Inc. v. Am. Honda Motor* Co., 651 F.3d 1318 (Fed. Cir. 2011) ................................... 2

*Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, No. 4:12cv74, 2013 U.S. Dist. LEXIS 2373 (E.D. Tex. Jan. 8, 2013) ................................................................................................................ 3

*Hilton Davis Chemical Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512 (Fed. Cir. 1995) (*en banc*) .. 3

*Malta v. Schulmerich Carillons, Inc.*, 952 F.2d 1320 (Fed. Cir. 1991) ......................................... 3

*Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703 (E.D. Tex. 2011) .................................... 2

*Nat'l Presto Indus. v. W. Bend Co.*, 76 F.3d 1185 (Fed. Cir. 1996) ............................................... 2

*Raby v. Livingston*, 600 F.3d 552 (5th Cir. 2010) .......................................................................... 4

*Tex. Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558 (Fed. Cir. 1996) ................ 1

**Rules**

Fed. R. Civ. P. 56 ............................................................................................................................ 4

## I. MATERIAL FACTS IN DISPUTE PREVENT SUMMARY JUDGMENT ON OIT'S DOCTRINE OF EQUIVALENTS CLAIMS

Canon's arguments confuse and conflate the standards applicable to this motion for summary judgment and their separate *Daubert* motion to exclude expert testimony of Dr. Brogioli. Dr. Brogioli's opinions provide a DOE analysis on a limitation-by-limitation basis with particularized and linking testimony for each claim element creating genuine issues of material fact. *See Tex. Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1566 (Fed. Cir. 1996) ("when the patent holder relies on the doctrine of equivalents, as opposed to literal infringement, the difficulties and complexities of the doctrine require that evidence be presented to the jury or other fact-finder through the particularized testimony of a person of ordinary skill in the art, typically a qualified expert, who (on a limitation-by-limitation basis) describes the claim limitations and establishes that those skilled in the art would recognize the equivalents."). This is precisely the type of analysis that Dr. Brogioli performed and the type of evidence that renders summary judgment inappropriate in this case.

Dr. Brogioli's infringement analysis included analysis under the doctrine of equivalents for each claim element. (*See, e.g.*, Opposition at Response to SUF 11). In the chart excerpt provided as Ex. 1 to OIT's Opposition, each DOE comparison explicitly noted a component or aspect of an Accused Product and why that component satisfies the doctrine of equivalence. For example, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ (Ex. 1 to Opposition at p. 5). As another example, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

1

██████████████████████████████████████████████" (Ex. 1 to Opposition at pp. 27-28).  Dr. Brogioli sufficiently sets forth his analysis under the doctrine of equivalents which raises disputes of material fact that preclude summary judgment.

The cases cited by Canon are all distinguishable from the facts here.  In *American Calcar*, summary judgment was granted concerning DOE because "[]the only evidence proffered by [plaintiff] on the issue of equivalents was the declaration from the inventor [] in which he stated that the [Accused Product] is, at most, insubstantially different from the claimed [elements]." *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1339 (Fed. Cir. 2011).  The Federal Circuit affirmed the decision because the equivalence advanced by plaintiff "would vitiate that claim limitation by rendering it meaningless." *Id*. ("Such a theory of equivalence is legally insufficient.").  This case is readily distinguishable where OIT's technical expert, Dr. Brogioli, provided element by element analysis regarding the doctrine of equivalents as opposed to a generalized statement from the inventor that was held to vitiate claim limitations.

In *Mirror Worlds*, plaintiff admitted their expert did not even include testimony concerning the "function, way, result test" and did not describe any insubstantial differences to the jury that could support their finding of infringement under the doctrine of equivalents.  This is not the case here.  There is no question that Dr. Brogioli applied the proper methodology in his doctrine of equivalents analysis.  Canon merely takes issue with the level of detail that Dr. Brogioli provided. *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 717 (E.D. Tex. 2011).

In *National Presto*, the Federal Circuit held that the record evidence was sufficient to support a jury verdict of infringement under the doctrine of equivalents. *Nat'l Presto Indus. v. W. Bend Co.*, 76 F.3d 1185, 1192 (Fed. Cir. 1996).  Notably, the Federal Circuit held that the "determination of infringement by equivalency is a question of fact." *Id.* at 1191 (citing *Hilton*

*Davis Chemical Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512 (Fed. Cir. 1995) (*en banc*)). In *Malta*, the Federal Circuit held that no precise formula for an analysis under the doctrine of equivalents existed. *Malta v. Schulmerich Carillons, Inc.*, 952 F.2d 1320, 1326 (Fed. Cir. 1991) ("How equivalency to a required limitation is met necessarily varies from case to case due to many variables such as the form of the claim, the nature of the invention defined by it, the kind of limitation that is not literally met, etc.").

Like in *National Presto*, to the extent that literal infringement is not present, Dr. Brogioli has pointed to equivalencies between the Asserted Claims and the Accused Products. Canon will have the opportunity to highlight any alleged deficiencies before the jury who must assess the credibility of the witnesses. *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, No. 4:12cv74, 2013 U.S. Dist. LEXIS 2373, at *5 (E.D. Tex. Jan. 8, 2013) ("The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence."). Canon's Motion should be denied accordingly.

## II. SUMMARY JUDGMENT IS IMPROPER UNDER RULE 56(d) BECAUSE NO TECHNICAL DEPOSITIONS OF CANON OR ITS WITNESSES HAVE OCCURED

As described in OIT's opposition, key technical depositions have yet to be taken in this case. These depositions are necessary in order for Dr. Brogioli to fully understand documents produced by Defendant and the operation and capabilities of the accused products. Defendant attempted to force OIT to take these critical depositions in a manner that was impractical given the translation issues, unique nature of the documents at issue, and voluminous late document

productions in the case. The parties currently have pending motions outstanding regarding OIT's technical depositions of Canon and its witnesses, so this dispute remains live.[1]

Rule 56(d) was designed for this. Rule 56(d) states: "When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56.   "A request to stay summary judgment under Rule 56[d] must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotations omitted).

With this Court having recently moved the trial date to May 10, 2021, there is ample time for the parties to complete the limited depositions that have been noticed and to supplement expert reports accordingly. Until the technical depositions of Canon are completed, OIT respectfully submits that it would be prejudicial for the Court to grant summary judgement regarding the technical issues raised in Canon's motion.

### III.    CONCLUSION

OIT respectfully requests that this Court deny Canon's Motion for Summary Judgment of Noninfringement under the doctrine of equivalents and any other such relief that this Court finds appropriate.

Dated: November 30, 2020                              Respectfully submitted,

---

[1] Canon also has a pending motion to compel the deposition of OIT and Mr. Solomon and relies on its pending motion in response to OIT's motion for summary judgment regarding Canon's affirmative defenses. (Dkt. No. 170 at pp. 25-27).

4

By: */s/ Korula T. Cherian*

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702

Amadou Kilkenny Diaw
Thomas Dunham
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Optimum Imaging Technologies LLC*

5

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of November 2020, with a copy of this document via electronic mail.

/s/ Korula T. Cherian
Korula T. Cherian

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned hereby certifies that counsel that this document should be filed under seal because it contains material designated under the Protective Order approved and entered in this case.

/s/ Korula T. Cherian
Korula T. Cherian