# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIMUM IMAGING TECHNOLOGIES LLC,<br><br>  *Plaintiff*,<br><br> v.<br><br>CANON INC.,<br><br>  *Defendant*. | Case No. 2:19-CV-00246-JRG<br><br>**Filed Under Seal** |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S *DAUBERT* MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. MICHAEL C. BROGIOLI, PH.D., <u>DISCLOSED IN HIS OPENING REPORT</u>**

# TABLE OF CONTENTS

**I.    CANON'S MOTION REGARDING DR. BROGIOLI'S DOE OPINIONS SHOULD BE DENIED.................................................................................................................. 1**

**II.   CANON'S MOTION REGARDING COMPARABILITY OPINIONS SHOULD BE DENIED ........................................................................................................................... 3**

**III.  CONCLUSION ............................................................................................................. 5**

# TABLE OF AUTHORITIES

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*, 694 F.3d 1312 (Fed. Cir. 2012) ............... 5

*Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353 (Fed. Cir. 2020) .............................. 4, 5

*Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201 (Fed. Cir. 2014) ................................................ 4

*Flexuspine, Inc. v. Globus Med.*, No. 6:15-cv-201-JRG-KNM, 2016 U.S. Dist. LEXIS 199476 (E.D. Tex. July 6, 2016) ................................................................................................ 3, 4

*Honeywell Intern. Inc. v. Acer America Corp.*, 655 F. Supp. 2d 650 (E.D. Tex. 2009) .................. 3

*Izumi Prods. Co. v. Koninklijke Philips Elecs. N. V.*, 140 F. App'x 236 (Fed. Cir. 2005) ............... 2

*LecTec Corp. v. Chattem, Inc.*, No. 5:08-CV-130, 2011 U.S. Dist. LEXIS 156898 (E.D. Tex. Jan. 4, 2011) ............................................................................................................................ 2

*Mobility Workx, LLC v. Cellco P'ship*, Civil Action No. 4:17-CV-00872, 2019 U.S. Dist. LEXIS 191345 (E.D. Tex. Nov. 5, 2019) ............................................................................... 3

*Smith & Nephew, Inc. v. Arthrex*, Inc., No. 2:07-cv-335-TJW-CE, 2010 U.S. Dist. LEXIS 10257 (E.D. Tex. Feb. 5, 2010) ................................................................................................ 1

*Sting Soccer Operations Grp. LP v. JP Morgan Chase Bank, N.A.*, No. 4:15-CV-127, 2016 U.S. Dist. LEXIS 102326 (E.D. Tex. Aug. 4, 2016) .................................................................. 1, 3

*United States v. 14.38 Acres of Land Situated in Leflore Cty., Miss.*, 80 F.3d 1074 (5th. Cir. 1996) ............................................................................................................................ 1

Plaintiff Optimum Imaging Technologies LLC ("OIT") hereby responds in opposition to Canon's Motion to Exclude Dr. Brogioli's opinions in his opening report and states as follows:

## I. CANON'S MOTION REGARDING DR. BROGIOLI'S DOE OPINIONS SHOULD BE DENIED

Canon's reply concedes that Dr. Brogioli employed the correct methodology in his DOE analysis. (Reply at 1). The sole issue is whether Dr. Brogioli provided the sufficient level of detail, but this is an issue for the jury to consider on cross-examination and does not rise to the level of exclusion under *Daubert. See Sting Soccer Operations Grp. LP v. JP Morgan Chase Bank, N.A.*, No. 4:15-CV-127, 2016 U.S. Dist. LEXIS 102326, at *8-9 (E.D. Tex. Aug. 4, 2016) ("questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration") (citing *United States v. 14.38 Acres of Land Situated in Leflore Cty., Miss.*, 80 F.3d 1074, 1077 (5th. Cir. 1996).

As Canon concedes, Dr. Brogioli's report included an element by element analysis of infringement under the doctrine of equivalents. The cases that Canon cites do not support the relief that it seeks given the nature of Dr. Brogioli's element by element analysis. The DOE testimony that the Court excluded in *Smith & Nephew* included analysis at differing levels of generality. The Court accepted certain of the expert's analysis, but excluded others holding that the excluded testimony did not provide sufficient analysis. *Smith & Nephew, Inc. v. Arthrex*, Inc., No. 2:07-cv-335-TJW-CE, 2010 U.S. Dist. LEXIS 10257, at *27 (E.D. Tex. Feb. 5, 2010). Here, Dr. Brogioli consistently analyzed each claim element under DOE and provided his analysis regarding this issue.

Comparing the analysis in *Smith & Nephew* with the charts provided with Dr. Brogioli's report, Dr. Brogioli made statements tied to each particular claim element and particularly linked aspects of the Accused Products to the claims. (*See, e.g.*, Opp. Ex. 4). In the chart excerpt provided

as Exhibit 4 to Plaintiff's Opposition, each DOE comparison explicitly noted a component or aspect of an Accused Product and why that component satisfies the doctrine of equivalence. For example, ██████████████████████████████████████████████████████████████████████████████████████████████████████████████. The language found in the charts is more than sufficient to provide a basis for Dr. Brogioli's DOE opinions as they are more than simple boilerplate language and provide "particularized testimony and linking argument" which should be presented to the jury.

In *Izumi*, the Federal Circuit focused on the nature of the testimony at issue which only asserted that the accused product "*could potentially*" *infringe*, rather than saying the accused product definitely would infringe. *Izumi Prods. Co. v. Koninklijke Philips Elecs. N. V.*, 140 F. App'x 236, 244 (Fed. Cir. 2005) (emphasis added). As such, the missing opinion that the accused product did in fact infringe under the DOE was fatal to the expert's analysis. *Id*. These concerns are not present in the instant case, as Dr. Brogioli explicitly said that the components of the accused Canon products *would* infringe rather than "could potentially" infringe and Dr. Brogioli has studied the materials that Canon produced regarding the accused products and provided an element by element analysis.

Canon attempts to summarily distinguish the facts of this case from *LecTec Corp.* by asserting that there is no question as to Dr. Brogioli's methodology or the lack thereof, but Canon's argument misses the mark. The key holding in *LecTec* is this Court's denial of Defendant's motion on the basis that the defendant had "ample opportunity to question" the expert regarding her opinions and methodology during her deposition. *LecTec Corp. v. Chattem, Inc.*, No. 5:08-CV-130, 2011 U.S. Dist. LEXIS 156898, at *24 (E.D. Tex. Jan. 4, 2011) ("[the expert report gave Plaintiff notice of the opinions at issue, and a party cannot simply 'lay behind the log' and hope to

thereby exclude an entire swath of expert opinions") (citing *Honeywell Intern. Inc. v. Acer America Corp.*, 655 F. Supp. 2d 650, 655 (E.D. Tex. 2009)). Here, during his deposition, Canon did not question Dr. Brogioli regarding his DOE analysis.

## II. CANON'S MOTION REGARDING COMPARABILITY OPINIONS SHOULD BE DENIED

Like its first argument regarding Dr. Brogioli's DOE analysis, Defendant does not allege that the methodology Dr. Brogioli used to perform his technical comparability analysis is flawed. Rather, Defendant again complains that Dr. Brogioli did not provide enough specificity in his analysis. But this will be a determination that the jury will make. *Sting Soccer Operations Grp.*, 2016 U.S. Dist. LEXIS 102326, at *8-9 (E.D. Tex. Aug. 4, 2016). Dr. Brogioli's analysis comported with the applicable law and should not be excluded.

The purpose of an expert report is to put the opposing parties on notice. *Mobility Workx, LLC v. Cellco P'ship*, Civil Action No. 4:17-CV-00872, 2019 U.S. Dist. LEXIS 191345, at *26 (E.D. Tex. Nov. 5, 2019). Dr. Brogioli's report did just that in its analysis of the patents at issue in the ▮▮▮▮▮▮▮▮ and their comparability to the asserted patents. Thus, Canon is on notice of his opinion and can prepare for trial adequately. To the extent that Canon had any questions regarding Dr. Brogioli's analysis, Canon had a full opportunity to address them during its 7-hour deposition of Dr. Brogioli. Canon elected not to do so. It cannot now argue that Dr. Brogioli's comparability opinion, which was conducted according to generally accepted methodology, should be excluded.

Dr. Brogioli did not simply allege a loose or vague comparability between different technologies like the comparability analyses at issue in the cases cited by Defendant. (*See* Reply at 5). The excluded comparability testimony in the *Flexuspine, Inc.* case was the testimony of the party's *damages expert* Dr. Becker, not its technical expert. *Flexuspine, Inc. v. Globus Med.*, No.

6:15-cv-201-JRG-KNM, 2016 U.S. Dist. LEXIS 199476, at *12-13 (E.D. Tex. July 6, 2016). It's holding is wholly inapposite here where the comparability analysis at issue was in fact performed by OIT's technical expert, Dr. Brogioli.

The issue in *Flexuspine* was that Dr. Becker's analysis recited that the asserted patents and licensed patents at issue were "in the same field of use and relate to the same types of products as the patents-in-suit" and "all intervertebral implant technology which is comparable to the intervertebral implant technology that is the subject of the patents in suit." *Id.* at *12-13. Dr. Brogioli did not rely on a field of use analysis but instead opined that the ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dr. Brogioli did not opine that all image capture technology is comparable, as Defendant's argument suggests.

The fact that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Understanding that the comparability analysis will never be exact, the Federal Circuit has held that the issue of comparability is often one of sufficiency of the evidence, not admissibility. *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1373 (Fed. Cir. 2020)(referencing *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014) ("[T]he fact that a license is not perfectly analogous generally goes to the weight of the evidence, not its admissibility.")). In *Bio-Rad*, the Federal Circuit noted, "the district court did not abuse its discretion by failing to

-4-

exclude the testimony of the damages expert because the 'degree of comparability' of the license agreements is a 'factual issue[] best addressed by cross examination and not by exclusion.'" *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d at 1373-74 (citing *ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012)). The jury should be permitted to hear and assess Dr. Brogioli's comparability analysis. Canon has no legitimate grounds to argue that his methodology was flawed.

### III.   CONCLUSION

OIT respectfully requests that this Court deny Canon's Daubert Motion to Exclude Expert Testimony of Dr. Brogioli Disclosed in his Opening Report and any other such relief that this Court finds appropriate.


Dated: November 30, 2020

Respectfully submitted,

By: */s/ Korula T. Cherian*

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702

Amadou Kilkenny Diaw
Thomas Dunham
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com

-6-

ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Optimum Imaging Technologies LLC*

-7-

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of November 2020, with a copy of this document via electronic mail.

/s/ Korula T. Cherian
Korula T. Cherian

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned hereby certifies that counsel that this document should be filed under seal because it contains material designated under the Protective Order approved and entered in this case.

/s/ Korula T. Cherian
Korula T. Cherian